In the Matter of the Accounting of WILLIAM C. LIMBERG, as Executor of CHARLES A. LIMBERG, Deceased, Respondent.

LUCILLE LIMBERG, Individually and as Administratrix of the Estate of CHARLES A. LIMBERG, Deceased, Appellant.

Argued October 4, 1939; decided November 21, 1939.

*Matthew J. Shevlin* for appellant.

*Frederick W. Ritter* and *Henry Koch* for respondent.

HUBBS, J. On the death of Charles A. Limberg, his son, William C. Limberg, offered for probate an alleged will. It was contested on the ground of fraud and undue influence exerted by William C. Limberg and his wife. The will purported to give all of decedent's property to William C. Limberg and his family, and it named William C. Limberg as executor. The contestants were two grandchildren, children of a deceased son. The jury found that the execution of the will was procured by fraud and undue influence. The Appellate Division reversed and directed probate. Thereupon the will was admitted to probate and William C. Limberg acted as executor. Meanwhile an appeal was taken to this court and we decided that a

question of fact was presented for determination by the jury. We reversed the decision of the Appellate Division, which was made upon the law, and we reinstated the verdict of the jury. (277 N. Y. 129.) The letters of William C. Limberg as executor were revoked and one of the grandchildren was appointed administratrix.

The deceased owned a two-family house. The son, William C. Limberg, occupied one apartment. The other was rented. The administratrix collected the rent for that apartment. On the accounting of William C. Limberg his account was surcharged by the Surrogate for the rental value of the apartment, which he occupied, from the date of testator's death. The rental value is conceded. The Surrogate surcharged him with the value of the rent ($1,035) and denied him commissions in part, but allowed him $547.90 commissions. William C. Limberg appealed to the Appellate Division from the surcharge for rent, and the administratrix appealed from the allowance of $547.90 commissions. The Appellate Division reversed the Surrogate as to the surcharge of $1,035 for rent and reduced the allowance for commissions to $129.55. The administratrix appealed to this court.

The first question is whether a distributee in possession of part of a building can be charged in Surrogate's Court on an accounting as executor for the rental value of the part of the premises occupied by him where the assets of the estate have been used by him to pay the upkeep and expenses of the real property used, and where one of the distributees is an infant. Concededly the general rule is that a tenant in common cannot be successfully sued for rent by a cotenant, the occupation being presumed to be for the benefit of all. (*Adams* v. *Bristol*, 126 App. Div. 660; affd., 196 N. Y. 510; *Wood* v. *Phillips*, 43 N. Y. 152, 156.) That general rule is, however, subject to the exception that where there is an ouster, or acts amounting to a denial of the rights of cotenants, the tenant in possession may be charged with rental. (*Zapp* v. *Miller*, 109 N. Y. 51; *Adams* v. *Bristol*, *supra*.) William C. Limberg was in possession

as devisee under the will, which has been held to be void because of his fraud and undue influence. His possession was hostile to the cotenants and he is liable for the rent. He collected the rent from the lessee of the other apartment and accounted for it. He, as executor, failed to account for the value of the use of the apartment which he occupied. The Surrogate's Court had jurisdiction to make the surcharge as William C. Limberg was accounting in that court as executor and the surcharge grew out of his account. The administratrix represented the estate after his removal as executor and insisted on the surcharge in the performance of her duty as administratrix. As administratrix she was entitled to collect the rent. (Cf. Decedent Estate Law [Cons. Laws, ch. 13], § 123; *Limberg* v. *Limberg*, 281 N. Y. 821, decided herewith; *People ex rel. Sheftman* v. *McGuire*, 281 N. Y. 713; *Matter of Burstein*, 153 Misc. Rep. 515.)

The second question is whether one who procures the execution of a will by fraud and undue influence, appeals from a decision of a Surrogate's Court and contests until a final decision of this court, which affirms the decree entered upon the verdict of a jury that the will was procured by fraud and undue influence, is entitled to any commissions alleged to have been earned while acting as executor. It seems to us that a statement of the question carries with it the answer. This is not like a case where one named as executor is not a party to a fraud and offers a will for probate which on its face is in legal form, and the will is offered in good faith. Here the jury has found not only a lack of good faith, but actual fraud and undue influence. In such circumstances one named as executor should not be permitted to benefit by his own wrongful act.

The order of the Appellate Division should be reversed and the decree of the Surrogate's Court modified in accordance with this opinion, and as so modified, affirmed, with costs in this court and in the Appellate Division to the appellant payable out of the estate.

CRANE, Ch. J., LEHMAN, LOUGHRAN, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Ordered accordingly.