In the Matter of the Accounting of Agnes Keck et al., as Executors of Clement Everman, Deceased, Appellants. State Tax Commission, Respondent.—

Memorandum: We believe that the Surrogate was in error in disallowing, as a charge against the estate, the claim of appellants' trial counsel for his services rendered in successfully defending the attack upon the will. It was not only the right of these executors, but their duty, to use all reasonable care and diligence to sustain the will and "To prevent the intention of a testator from being frustrated". (Matter of Dutcher, 251 App. Div. 184, 186.) While the record indicates that the trial counsel, although employed by the executors, was also attorney for them individually as legatees under the will, nevertheless we find that under all the circumstances his fee for services rendered on the will contest, the reasonableness of which is not here questioned, is a proper expense necessarily incurred in the administration of the estate.

The mere fact that the executor is beneficially interested as a legatee under the will, and may personally profit by the litigation, does not lessen his obligation to protect it, and does not in and of itself preclude him from receiving an allowance out of the estate for reasonable attorneys' fees. (33 C. J. S., Executors and Administrators, §§ 225, 226.) This is especially true when, as here, the primary attack was on the will as a whole, and the result would not inure solely for the personal benefit of the executor. (*Matter of Dutcher supra; Matter of Ordway,* 196 N. Y. 95; *Matter of Van Volkenburgh,* 139 Misc. 437.) We further conclude that the additional allowance made by the Surrogate to the attorney of record for the executors for her services was reasonable and adequate. All concur. (Appeal from parts of a decree and an order making an allowance to attorneys in an accounting.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.