In the Matter of COMMERCIAL PROPERTIES, INC., Respondent, against E. FLOYD GRIFFIN et al., Constituting the Board of Appeals of the Town of Oyster Bay, Appellants.— In a proceeding to review a determination of the board of appeals of the town of Oyster Bay, denying petitioner's application for a permit to erect and operate a gasoline filling station upon certain real property, said board appeals from an order which annulled said determination and directed it to issue such permit. Order reversed on the law, with $10 costs and disbursements, and petition dismissed. The site in question lies in a zone in which the proposed use is expressly contemplated by the zone ordinance of the town, but it is also provided therein that permission must be obtained of the board of appeals. (Town of Oyster Bay, Building Zone Ordinance, art. VIII, § F-1, subd. 19.) The ordinance further provides that the granting of such permission shall be subject to the board's determination with respect to certain stated considerations dealing generally with the effect that the use, if permitted, would have on uses of adjacent properties or of properties in adjacent use districts, and with the safety, health, welfare, comfort, convenience and order of the town. (Art. XVI, § 1, subd. B.) In our opinion, there was substantial evidence before the board to support its determination. The court may not substitute its judgment for that of the board. (*Matter of Corbett* v. *Zoning Bd. of Appeals*, 283 App. Div. 282.) Nolan, P. J., Wenzel, MacCrate, Schmidt and Murphy, JJ., concur.

■

In the Matter of RONALD FRIEDMAN, an Infant, Appellant. MAX FRIEDMAN et al., Appellants; CHILDREN'S COURT OF THE COUNTY OF NASSAU, Respondent.— Judgment of the Children's Court of the County of Nassau, adjudging the appellant child to be delinquent and committing him to the State Agricultural and Industrial School at Industry, N. Y., as a delinquent child, unanimously affirmed, without costs. No opinion. Appeal from intermediate findings and orders dismissed. Present — Adel, Acting P. J., Wenzel, Schmidt, Beldock and Murphy, JJ.

■

In the Matter of the Probate of the Will of JOSEPH GODLEF, Deceased. EMMA GODLEF, as Executrix of JOSEPH GODLEF, Deceased, Appellant; JOSEPH GODLEF, JR., Respondent.— Appeal by the proponent from a decree of the Surrogate's Court, Queens County, insofar as it denied probate of an instrument as a will, awarded costs against the proponent individually and disallowed proponent's bill of costs. Decree modified on the law by striking out the provision awarding costs against the proponent individually, and by directing that the costs awarded to the contestant shall be payable out of the estate, and as so modified, decree unanimously affirmed, with costs to both parties, payable out of the estate. The issue as to the testamentary capacity of the deceased was properly submitted to the jury. (*Matter of Barney*, 185 App. Div. 782, 794.) There was, however, no evidence which warranted submission to the jury of items 2, 3, 5, 6 and 7 of the framed issues, and the findings as to those items are reversed. Since there was no fraud or undue influence on the part of the proponent, costs should not have been awarded against her personally. Wenzel, Acting P. J., MacCrate, Schmidt, Beldock and Murphy, JJ., concur.