PRUNTY, Associate Justice.
...Appellant having, been named executor under a purported will offered the will for probate. The probate was refused by the Probate Judge who found that the testatrix -' lacked' requisite -testamentary capacity,
*604 The appellant appealed to the circuit court where the order of the Probate Judge was affirmed and this order of the chancellor was likewise affirmed by this court. See, Williams v. Kane, Fla., 88 So.2d 599.
The appellant sought to have attorney fees and costs allowed under the provisions of F.S. § 732.14, F.S.A. Under this statute recovery of attorney fees and costs by an executor under a will can be sought only where it appears that the named executor was prima facie justified in offering the purported will for probate and the purported will instrument must be in proper form.
Appellees filed cross-assignments of error, claiming that the appellant acted in bad faith and that the court erred in allowing him any fees at all.
The probate court by its order found the appellant to be entitled to fees and costs and allowed an attorney’s fee of $1,000 plus costs of $120. This order and award was affirmed by the circuit court.
The County Judge in his order stated that contentions of counsel had been carefully considered and while indicia of irregularities existed they were not sufficient to show such bad faith as would disqualify the appellant from applying for compensation.
Therefore, on the basis of the holding of this court in the case of In re Zimmerman, Fla., 84 So.2d 560, it does not appear the county judge misapprehended the legal effect of the evidence as an entirety in his findings and likewise the order of the chancellor appealed from was not in error.
As to the amount of the fee, the evidence disclosed the gross válue of the estate to approximate $19,500. The testimony as to attorney’s fees ranged from $1,000 to $6,250. The appellant who filed the petition for probate was the same attorney that drafted the will in question.
The Probate Judge was in much better position to evaluate the services performed by the attorney executor than in this Court. There appears to have been no abuse of the sound discretion of the probate trial judge and this obviously leads to the determination that the Circuit Judge likewise ruled correctly.
Accordingly, the decree appealed from should be and is hereby
Affirmed.
DREW, C. J., and TERRELL and THORNAL, JJ., concur.