In the Matter of the Estate of AGNES EVANDER, Deceased. BARBARA R. RICHERT, Appellant; IRENE WISTER et al., Respondents.— In a contested proceeding to probate a certain instrument as the decedent's will, the petitioner appeals from a decree of the Surrogate's Court, Queens County, rendered March 16, 1961 after a jury trial upon framed issues, denying probate and dismissing the petition on the grounds, *inter alia,* that decedent lacked testamentary capacity and was subjected to undue influence and fraud. Decree modified on the law, as follows: (1) by striking out its first, third, fourth, fifth and seventh decretal paragraphs, which adjudged: (a) that said instrument had not been duly executed as required by section 21 of the Decedent Estate Law; (b) that, at the time of its execution, decedent was not free from restraint; (c) that such execution resulted from undue influence; (d) that such execution was caused and procured by fraud and (e) that pursuant to sections 275 and 278 of the Surrogate's Court Act, costs of $551 as fixed by the Surrogate be awarded to the contestant Owen Wister against the petitioner personally; and (2) by substituting in place of said seventh decretal paragraph a provision directing that such costs be awarded to said contestant and be paid out of the estate. As so modified, the decree, insofar as appealed from, is affirmed, with costs to all parties payable out of the estate. We have considered the facts. With respect to the fourth framed issue, we affirm the jury's finding thereon that, at the time of the execution of said instrument, decedent was not "of sound mind and competent to dispose of her estate by will." With respect to the other six framed issues, we disaffirm the jury's findings thereon. In our opinion, on this record it may not be said that the jury's determination on the issue of the decedent's testamentary capacity was against the weight of the evidence. Accordingly, probate was properly denied (cf. *Matter of Godlef,* 283 App. Div. 1109). However, the evidence was insufficient to sustain the jury's findings on the other framed issues, to wit: due execution, restraint, undue influence and fraud. The evidence was likewise insufficient to establish wrongful conduct on the part of the petitioner; hence, costs should not have been awarded against her personally (*Matter of Godlef, supra; Matter of Reeves,* 266 App. Div. 799, 968, affd. 292 N. Y. 711). Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

 In the Matter of the Arbitration between MICHAEL KLUGER, Individually and as Guardian ad Litem of RENEE KLUGER, an Infant, Respondent, and NELSON THOMAS, by HARTFORD ACCIDENT AND INDEMNITY Co., Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— In an arbitration proceeding, the Motor Vehicle Accident Indemnification Corporation appeals from an order of the Supreme Court, Queens County, dated April 24, 1962, which (a) granted petitioners' motion to confirm the arbitrator's award in their favor; and (b) authorized the entry of a judgment upon said award. Order affirmed, with costs. The questions of construction with respect to the limitations of liability stated in the indorsement of the Motor Vehicle Accident Indemnification Corporation upon the automobile liability insurance policy pursuant to which the arbitration was held, were submitted to the arbitrator. His determination upon such questions is not subject to review in the courts (Civ. Prac. Act, § 1462; *Matter of S & W Fine Foods [Office Employees Int. Union],* 8 A D 2d 130, affd. 7 N Y 2d 1018; *Matter of Wainright,* 14 A D 2d 971). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hill, JJ., concur.