S. Samuel Di Falco, S.
The attorney for the proponent of the will has instituted this proceeding pursuant to the provisions of section 278 of the Surrogate’s Court Act for an order fixing an allowance to him for services rendered to the proponent and *561 for a direction that the allowance fixed be paid to him out of the decedent’s general estate.
Although the temporary administrator and the successful contestants dispute the value placed upon those services by the petitioner, the extensive nature of the services rendered cannot be disputed. The litigation in this matter has extended over a period of five and one-half years and has involved two lengthy jury trials, numerous contested motions, prolonged examinations before trial, four appeals to the Appellate Division and one appeal to the Court of Appeals. At this stage, however, the basic problem which must be determined is not how much the services are worth but whether under the circumstances presented here, the decedent’s estate is liable for the payment of the fee.
Authority for the payment of the fee requested is to be found in section 278 of the Surrogate’s Court Act which reads in part as follows: ‘When the decree is made upon a contested application for probate of a will, costs, payable out of the estate or otherwise, shall not be awarded to an unsuccessful contestant of the will, unless he * * is named as an executor in a paper propounded by him in good faith as the last will of the decedent; but where a person named as the executor in a will propounds the will for probate, such person so named as executor may, whether successful or not, in the discretion of the surrogate, be awarded * ® ® all expenses incurred in the attempt to sustain the will.” (Emphasis added.) Significantly the statute requires “ good faith ” to be established as a condition precedent to the award of an allowance to an unsuccessful proponent who offers a will for probate and over the years our courts have firmly adhered to this principle (Matter of Staiger, 249 N. Y. 229; Matter of Reeves, 266 App. Div. 799, 968, affd. 292 N. Y. 711; Matter of Marshall, 189 App. Div. 477; Matter of Jackson, 127 Misc. 187; Matter of Limberg, 281 N. Y. 463; Matter of Limberq, 60 N. Y. S. 2d 669; Matter of Irvin, 24 Misc 2d 799).
Applying this criterion to the case at bar this court can find no basis for the granting of an allowance to the proponent’s attorney payable out of estate assets. To do so would be contrary to the finding made by the jury and affirmed by the Appellate Division and the Court of Appeals. After a lengthy review of the evidence Judge McNally writing for the majority in the Appellate Division stated: ‘1 The record enabled the jury to find that the instrument of June 19, 1958 was the end result of an unnatural, insidious influence operating on a weak-willed, trusting, inexperienced Robert whose natural warm family attachment had been attenuated by false accusations *562 against Joel, subtle flattery suggesting an independence he had not realized and which, in fact, Weiss had stultified, and planting in Robert’s mind the conviction that Joel and other members of the family were resentful of and obstructing his drive for independence.” lie concluded: “The record overwhelmingly sustains the verdict on undue influence on the basis of the charge made.” (Matter of Kaufmann, 20 A D 2d 464, 485, 486.)
The affirmed determination by the jury that the proponent exercised undue influence over the decedent in procuring the execution of the will is conclusive on this court. In the face of that determination the offer of the will for probate by the proponent is in and of itself an act of bad faith and an attempt to deceive the court and defraud the natural objects of the decedent’s bounty from their rightful share in his estate (Matter of Reeves, supra; Matter of Limberg, 60 N. Y. S. 2d 669, 671; Matter of Lachat, 184 Misc. 492).
The facts in the case at bar are quite similar to those considered by Surrogate Savarese in Matter of Limb erg (supra, p. 671) wherein he stated “Where the rejection of the will or a specific provision thereof is based upon the finding of the jury or the surrogate that the paper was procured by undue influence, fraud or forgery, or upon a determination that the paper was fraudulently altered, and the proponent is a participant in the attempt to consummate the fraudulent purpose, an allowance to him for his expenditures in connection with the probate proceeding will be denied.” Also in Matter of Limberg (281 N. Y. 463, 466) the Court of Appeals made this statement which is particularly appropriate to the case at bar: “This is not like a case where one named as executor is not a party to a fraud and offers a will for probate which on its face is in legal form, and the will is offered in good faith. Here the jury has found not only a lack of good faith, but actual fraud and undue influence. In such circumstances one named as executor should not be permitted to benefit by his own wrongful act. ’ ’
The petitioner agrees that the good faith of the proponent is of paramount consideration, but argues that this has been established by the reversal and direction for a new trial by the Appellate Division after the first jury trial, the division of opinion among the Justices of the Appellate Division after the second trial and the affirmance in the Court of Appeals which explicitly stated that a question of fact was present. In support of this contention the petitioner relies mainly upon Matter of O’Brien (146 Misc. 555), Matter of Roberts (147 Misc. 63) and Matter of Brewer (277 App. Div. 1008, affd. 303 N. Y. 635). Whether the will was offered for probate in good faith can only *563 be determined from the testimony taken at the trial and the inferences to be drawn from such testimony and from the verdict of the jury. In Matter of Roberts (supra), which involved the charging of costs personally against an unsuccessful contestant, the court there found that the contestant had proceeded with his case in good faith, had a “ fair prospect of success ” and should not, therefore, be charged personally with costs. In Matter of O’Brien (supra) the court also found that the evidence produced by the proponent, which was sufficient to allow the case to go to the jury, established the proponent’s good faith. In Matter of Brewer (supra) the court allowed a fee to an attorney-executor who had unsuccessfully offered the will for probate in good faith although the jury found that the execution of the will had been procured through the undue influence of the coexecutor and his wife. Here again the final determination as to the allowance of a fee to the unsuccessful proponent under section 278 of the Surrogate’s Court Act rested upon a finding that the attorney-executor had proceeded in good faith.
It is undisputed that it is the duty of a person designated as an executor in a will to offer it for probate and to protect it against attack (Matter of Dutcher, 251 App. Div. 184) and the fact that the executor is beneficially interested as a legatee does not relieve him from this obligation nor preclude him from receiving an allowance for attorney’s fees (Matter of Everman, 279 App. Div. 843). But, where, as here, the jury has found that the named executor exercised undue influence to procure the execution of a will in his own favor and the performance of this so-called “ duty ” becomes the means by which a fraud may be perpetrated, the allowance of a fee would constitute a perversion of justice (Matter of Reeves, supra; Matter of Limberg, supra).
In the case at bar the proponent is not only the executor but also received virtually the entire estate under the terms of the decedent’s will. The fact that the jury had some trouble in arriving at a verdict and that the Appellate Division split as to its findings was due mainly to the difficulty in obtaining sufficient admissible proof. The pressure applied to and domination exerted over one person by another are not usually publicly displayed and proof of such acts is necessarily hard to come by. Nevertheless, two juries have found and the Court of Appeals has confirmed that the proponent herein used his power and dominance over the decedent to obtain the execution of a will in his favor and that such will was not the free untrammeled expression of the testator’s intent.
*564 In the face of these findings this court is unable to exercise its discretion in favor of the petitioner to allow the payment of his fee out of estate assets. There is no question presented as to his good faith or as to the fact that he has labored long and arduously on behalf of the proponent and there is no doubt that he is entitled to be paid for his services, but under the facts presented in this matter payment for such services must be obtained from his client.