Bertram R. Geleand, S.
In this contested probate proceeding after trial before the court and a jury, a verdict was rendered by the jury finding that at the time of execution of the propounded instrument the decedent lacked testamentary capacity and that the execution of the instrument was caused or procured by undue influence and fraud. The evidence adduced attributed the undue influence and fraud solely to proponent. The court adopted the verdict of the jury on these *315 issues. The contestant has exercised his option to seek costs pursuant to SCPA 2302 upon the entry of the decree. Proponent contends that the court should not exercise its discretionary power to allow costs to the contestant since the proponent having been named in the instrument as executor was under a duty to offer the purported will for probate. The sole legatee in the instrument at issue was proponent’s wife.
Generally speaking, a person named as executor has the duty to bring forward the will and to assume the burden of its probate. Having this duty, he will not usually be burdened with costs if he fails in his effort to have the instrument admitted to probate. But where it is shown, as it was in this case, that the executor was guilty of fraud and undue influence practiced by him personally in the fraudulent execution of the will, and with full knowledge of the fraud he attempted to impose the instrument upon the court as a valid document, it must be concluded proponent was acting in bad faith. In such cases, good morals and public policy dictate that not only should proponent be denied costs but that he be personally charged with discretionary costs for his unsuccessful effort (Matter of Reeves, 266 App. Div. 968, affd. 292 N. Y. 711; cf. Matter of Godlef, 283 App. Div. 1109; Matter of Lachat, 184 Misc. 492, 499, citing cases; Matter of Jackson, 127 Misc. 187).
The court having reached ¿he conclusion that proponent should be taxed personally with costs, the application presents a question as to the amount of said costs. Contestant seeks the sum of $4,100. This amount includes $300 by reason of there having been a contest, $1,200 for 5 days of trial less one, plus $100 per day for 26 days spent in preparation for trial (SCPA 2302, subd. 2, par. [a], subpar. [ii]).
Contestant is allowed the sum of $300 pursuant to SCPA 2302 (subd. 2, par. [a], subpar. [ii]), plus $1,200 for the 5 days of trial, less one. With reference to the application for an additional sum of $2,600 for 26 days necessarily occupied in preparing for trial, while the court is cognizant of the discussion in Matter of Zuckerman (13 Misc 2d 93), it cannot conclude that the intent of the statute is to limit this allowance only to days in which a major portion of the day has been spent solely devoted to the preparation of this case. The realities of legal practice are that a great deal of time may be spent on a matter based on varying periods, over many days, which cumulatively are substantial. The right to costs must rest on a more substantial basis than whether two hours per day over five days were devoted to a matter, or 10 hours in a single day. The intent of the statute is clearly to give the court discretionary power *316 to impose costs for the amount of time which counsel necessarily devoted prior to trial to bring the matter to a point where the issues could be determined by trial. In the case of a contestant in a probate proceeding, encompassed in this effort are all necessary services from the time counsel undertook to challenge the instrument until the commencement of the trial itself. In reducing this to days, the standard of approximately seven hours equalling a working day as suggested by the contestant is reasonable. However, in fixing such discretionary costs, the amount of time for which counsel should receive costs must be circumscribed by the reasonable period which the necessary preparation of the matter dictates. Where the measure is time spent in preparation implicit in this standard is that the time spent be reasonable as well as necessary. In determining such period, the complexity of the case, the assets that appear to be at issue and all other aspects of the case must be considered. In this matter, in the exercise of the discretion conferred by statute, the contestant is allowed a total of $200 in costs for the two days, a major part of which was devoted to examinations before trial. In addition thereto, contestant is allowed $500 for five days spent in trial preparation, which period the court finds to be the reasonable period necessarily occupied in preparing this matter for trial. The court does not dispute that several attorneys and paraprofessionals- in the office of counsel for contestant may have devoted time which totals more than five days on this matter, in addition to examinations before trial. However, anything above the reasonable minimum period of time in which the matter could have been prepared is not a burden which should be transferred to an adversary by the fixing of discretionary per diem costs.
Accordingly, the total costs allowed to the contestant taxed personally against the proponent is fixed and allowed in the sum of $2,200, plus disbursements of $311.