338 So.2d 256 (1976)
In re the ESTATE of Harry C. RADON, Deceased.
No. 75-1828.
District Court of Appeal of Florida, Fourth District.
October 15, 1976.
Rehearing Denied November 10, 1976.
*257 Reid Moore, Jr., and George C.J. Moore, Moore, Winkel & Sims, Palm Beach, for appellants-American Nat. Red Cross, Northwestern University and the Catholic Charities of the Archdiocese of New York.
Larry Klein and Cone, Wagner, Nugent, Johnson & McKeown, West Palm Beach, for appellee-Anita Angelo.
ALDERMAN, Judge.
This appeal is from an order of the Circuit Court of Palm Beach County which finally determined the rights of the parties in a particular estate proceeding. The order adjudged that appellee not be required to return $15,000 in executrix's commission she had received for services rendered in that capacity under a will declared void by the court as having been procured by the undue influence of the appellee over the testator.
In probate proceedings costs, expenses, fees and commissions may be allowed at the discretion of the court, ordinarily abiding the result of each particular proceeding, but otherwise when it would be unjust that the losing party pay costs. Rule 5.090(a), Florida Probate and Guardianship Rules. The allowance of executrix's commission in this case being discretionary with the trial court, the only issue on this appeal is whether there was an abuse of discretion.
We have found no Florida case which is directly on point. However, the Supreme Court in Watts v. Newport, 151 Fla. 209, 9 So.2d 417, 420 (1942), referring to the discretionary powers of probate courts to award or disallow costs and attorneys' fees held that an executor, when offering a will for probate, is charged with the exercise of good faith. The court stated:
"An executor, by judicial interpretation of the Probate Act, supra, when offering courts of competent jurisdiction a will to probate, is by the terms of the Act charged with the exercise of good faith. If when offered the executor knew, or by the exercise of good faith could have known, that the will so offered to probate was a forgery, or that the testatrix thereof at the time of the execution was lacking in testamentary capacity, or an attempt to establish the authenticity of the will is made by perjured testimony, or for other unlawful acts amounting to fraud, then under said conditions and circumstances it becames [sic] the duty of the court in the exercise of sound discretion granted by the several provisions of the Probate Act, by an appropriate order to disallow the executor's costs incurred in an unlawful attempt to obtain an order to probate the alleged will. Probate courts, or judges sitting as a probate court, by the terms of the Act are clothed with a sound judicial discretion in allowing or disallowing costs and can or may be reversed on appeal only for an abuse thereof."
*258 We must decide whether there was a duty on the part of the trial court, in the exercise of sound discretion, to disallow an executrix's fee to appellee, who had been found guilty of having procured by undue influence the execution of the will under which she served. Stated another way, the question is whether the finding of undue influence on the part of appellee was sufficient to establish her lack of good faith in offering the will for probate. The Second District in In re Estate of MacPhee, 216 So.2d 489 (Fla.App.2d 1968), found that a trial court did not abuse its discretion in disallowing costs and attorney's fees of an executor who had exerted undue influence on decedent and was the beneficiary of half of decedent's estate. The court there recognized that the trial judge had the authority to determine, in his sound discretion, whether the executor was justified in offering the will for probate, even though unsuccessful, and to grant or withhold fees and costs accordingly. The court observed that it could not be seriously contended that the will was offered in such good faith that the trial court should be held to have abused its discretion. It was pointed out in McPhee (at 492) that the executor-proponent was the moving and guiding spirit behind the execution of the will by decedent, and it could not be contended that he was without knowledge of his own acts and doings or that his motives were altruistic. The same is true of the executrix in the present case.
The trial judge below made no finding that the appellee acted in good faith. In fact, such a finding of good faith would have been inconsistent with the court's previous finding that she had wrongfully obtained the execution of the will. The facts of this case take it outside the provisions of Rule 5.090(c), Florida Probate & Guardianship Rules, which provide that the proponent of a will in due form, being prima facie justified in offering the same for probate, shall receive his costs and attorney's fees out of the estate, even though he is unsuccessful. Appellee was found by the trial court to have obtained execution of the will by use of undue influence. She is charged with knowledge of her own wrongful acts and therefore it cannot be said that she was prima facie justified in offering the will for probate.
From the record in this case it can only be concluded that appellee was not acting in good faith. The personal representative of an estate should not be permitted to benefit from his or her own wrongful act. In re Limberg's Estate, 281 N.Y. 463, 24 N.E.2d 127 (1939). Appellee would benefit from her own wrongful act if she were allowed to retain the $15,000 fee she received from the estate of Harry C. Radon. We hold that the trial court abused its discretion in denying appellants' motion to require appellee to return the $15,000.
REVERSED AND REMANDED for further proceedings consistent with this opinion.
MAGER, C.J., and CROSS, J., concur.