REVISED OPINION
DANIEL S. PEARSON, Judge.
The issue in this appeal is whether Harry A. Ahlman, the proponent of a will and the personal representative named therein, or Cristol, Mishan & Sloto, his attorneys, may be awarded attorneys’ fees and costs from the decedent’s estate for Ahlman’s unsuccessful attempt to probate the will where, in an unchallenged final judgment, Ahlman was found to have procured the execution of the will through undue influence.[1]’[2] The order under review, challenged on this appeal by Alice Wolf, the decedent’s next of kin, granted Ahlman’s motion for attorneys’ fees and costs upon a finding that the services rendered by Ahlman’s attorneys benefited the decedent’s estate. Ahlman and his attorneys, being dissatisfied with the size of the award, have cross-appealed the same order. Because we conclude that, as a matter of law, a proponent of a will who has been found to have procured it through undue influence is not entitled to be awarded attorneys’ fees and costs from the decedent’s estate, the issue raised by the cross-appeal is moot.
*1339 The law authorizing the payment of attorney’s fees and costs to proponents of wills is Section 733.106, Florida Statutes (1983). This statute provides in pertinent part:
“(1) In all probate proceedings costs may be awarded as in chancery actions.
“(2) A person nominated as personal representative of the last known will ... if in good faith justified in offering the will in due form for probate, shall receive his costs and attorney fees out of the estate even though he is unsuccessful.
“(3) Any attorney who has rendered services to an estate may apply for an order awarding attorney fees, and after informal notice to the personal representative and all persons bearing the impact of the payment the court shall enter its order on the petition.
“(4) When costs and attorney fees are to be paid out of the estate, the court may, in its discretion, direct from what part of the estate they shall be paid.”
The statute thus provides in subsection two that the unsuccessful proponent of a will is entitled to fees and costs if he was “in good faith justified in offering the will in due form for probate,” and separately, in subsection three, that an attorney may recover fees from an estate when he “has rendered services to [the] estate.”
The explicit requirement of subsection two that the proponent of a will act “in good faith” in offering the will for probate (a requirement that was formerly implicit, see In re Graham’s Estate, 156 Fla. 421, 23 So.2d 485 (1945) (en banc) (construing Section 51 of the Probate Act, the predecessor to Section 733.106(2))) means what it says— the proponent’s entitlement to fees is dependent on the proponent’s good faith, not, as he and his attorneys here urge, on the attorneys’ good faith. The attorneys, who are not moving parties under subsection two, are not “themselves [entitled] to be paid under said section anything if the executor was acting in bad faith no matter how ignorant the attorneys were of his bad faith.” In re Graham’s Estate, 156 Fla. at 427, 23 So.2d at 488. Because it is apodietic that one who is guilty of procuring a will by undue influence cannot act in good faith in offering the will for probate, there can be no recovery of fees and costs under subsection two.[3] See In re Estate of Radon, 338 So.2d 256 (Fla. 4th DCA 1976) (finding that proponent acted in good faith is inconsistent with finding that proponent wrongfully obtained execution of will; proponent charged with knowledge of own wrongful acts so as to preclude finding of good faith); In re Estate of MacPhee, 216 So.2d 489, 492 (Fla. 2d DCA 1968) (where executor-proponent found guilty of undue influence, “it cannot be contended that he was without knowledge of his own acts and doings or that his motives were altruistic.”). Cf. In re Graham’s Estate, 156 Fla. 421, 23 So.2d 485 (proponent of will found to be inextricably enmeshed in fraud and forgery that gave birth to the will acts with utmost bad faith in offering it for probate).
Likewise, subsection three of Section 733.106 cannot support the award of fees in the present case. Although here the proponent’s conduct is not per se relevant to the recovery of fees, for an attorney to recover under subsection three, the services rendered “must have benefited the estate,” In re Graham’s Estate, 156 Fla. at 426, 23 So.2d at 487 (construing Section 158 of the Probate Act, the substantially similar predecessor to Section 733.106(3)), and services rendered in an unsuccessful effort to have a will probated are of no benefit to the estate. As the court in Graham’s Estate held, the exposure of an estate to the offer of spurious wills and the attendant claims of personal representatives and beneficiaries named therein is of no more bene *1340 fit “than exposure to contagious disease.” 156 Fla. at 431, 23 So.2d at 489-90. See In re Gleason’s Estate, 74 So.2d 360 (Fla.1954) (en banc) (under predecessor to Section 733.106(3), Florida Statutes (1983), services rendered in connection with attempted probate of will held void for undue influence not recoverable because of no benefit to the estate).
Thus, the decided cases announce, and we here subscribe to, the eminently sensible principles of law that (1) a person who offers a will for probate shall not be entitled to recover costs or attorneys’ fees from the decedent’s estate where it is determined that such person has been guilty of wrongdoing which prevents the will from being admitted to probate, and (2) an unsuccessful effort by attorneys to probate a will is of no benefit to the decedent’s estate and should not be compensated by the estate. We can see, then, that where a proponent of a will, as here, is under subsection two disentitled to recover fees and costs because his wrongdoing is the cause of the rejection, his attorneys’ claim for fees under subsection three will not lie because the very rejection of the will — even if for benign reasons — means that there is no benefit to the estate. However, the fact that attorneys are disentitled to fees and costs under subsection three does not mean that a proponent cannot recover fees and costs under subsection two in those instances where the will, although rejected, was offered in good faith. While the appel-lee-attorneys correctly point out that proponents should not be deterred from offering wills for probate, a rule that makes wrongdoers responsible for their own fees will hardly deter legitimate proponents. The attorneys’ good faith in undertaking the representation of a proponent of a will who is later found to have wrongfully procured the will surely does not outweigh the rights of the beneficiaries of the decedent’s estate to see to it that the estate is not “consumed by the payment of fees for supposed benefits of the services of the attorneys for the several proponents.” In re Graham’s Estate, 156 Fla. at 431, 23 So.2d at 490. We do not think it an unduly harsh rule of law that the attorney who represents the wrongdoer look to the wrongdoer for compensation. Where, as between two innocent parties — the attorney and the estate— only one — the attorney — is in a position to protect himself from being victimized by the wrongdoer-proponent, the attorney should bear the loss if the wrongdoer does not pay.[4]
Reversed.

. This finding is not challenged by Cristol, Mish-an & Sloto, the real parties in interest on this appeal, see n. 4 infra; it is, however, challenged in a separate appeal by Ahlman pending in this court under Case No. 84-2412. The lawyers, in successfully resisting a motion to consolidate the appeals, represented to this court that their position assumes the correctness of the judgment against Ahlman and that this appeal could be decided independently of the outcome of Ahlman’s separate appeal.

. It serves no purpose here to detail the findings of the final judgment which led to the conclusion that Ahlman had procured the offered will by undue influence. The relationship between Ahlman and the decedent, Mary C.W. Hand, is spelled out in Webster & Moorefield, P.A. v. City National Bank of Miami, 453 So.2d 441 (Fla. 3d DCA 1984), a previous appeal involving related matters.

. The cases relied on by the appellees upholding awards of attorneys’ fees to proponents, see, e.g., In re Estate of Whitehead, 287 So.2d 9 (Fla.1973); Williams v. Kane, 88 So.2d 603 (Fla.1956); In re Estate of Weinstein, 339 So.2d 700 (Fla. 3d DCA 1976), cert. denied, 351 So.2d 409 (Fla.1977); In re Estate of Reid, 182 So.2d 54 (Fla. 3d DCA 1966), are inapposite because either there was no wrongdoing in procuring the will, or any wrongdoing was perpetrated by someone other than the proponent. In the case before us, the proponent has been found to be the wrongdoer.

. In the present case, it appears that the agreement between Ahlman and his attorneys expressly provides that Ahlman has no personal liability to pay any fees to his lawyers, but that "the fee shall be paid from the assets of the estate subject to court approval_” Such an agreement contains, therefore, the implicit contingency that the proponent, even if unsuccessful in his offer of the will, not be found guilty of wrongdoing in procuring the will. Even if from the attorneys’ standpoint the agreement is, in retrospect, improvident, courts do not save parties from improvident agreements.