OPINION OF THE COURT
Bertram R. Gelfand, J.
This application by a preliminary coexecutor for advance payment of commissions is a case of first impression concerning the application of SCPA 2311. The basic question presented is whether the court can authorize an advance payment to a preliminary executor under the statute which sanctions the advance payment of "statutory commissions” when the possibility exists that such a fiduciary may never be eligible to receive statutory commissions (see, SCPA 1412 [7]).
Decedent died on November 4, 1983. Objections to the probate of a propounded instrument have been interposed by three of decedent’s distributees. Preliminary letters testamentary were issued to petitioner and another pursuant to an order entered December 16, 1983. In this complex matter, these preliminary letters have been periodically extended as the parties wend their way through pretrial proceedings, motions, and changes in counsel. The papers reflect that the estate assets have been substantially marshaled, the obligations of the estate ascertained, and that Federal and New York estate tax proceedings have been commenced and are on the verge of completion. Petitioner also indicates that, unless her application is granted, she will be deprived of substantial advantages under the income tax laws of the United States.
SCPA 2311 (1) provides, in relevant part, as follows: "At any time during the administration of an estate and irrespective of the pendency of a particular proceeding a fiduciary may present to the court from which his letters issued a petition praying that he be permitted to receive a sum on account of the commissions to which he would be entitled if he were then filing his account and it were judicially settled, which must show that unless he is allowed such sum on account of commissions he or the estate will be deprived of substantial advantages under the income tax laws of the United States or the state of New York or that he will suffer inconvenience or hardship”.
SCPA 2311 is intended to allow fiduciaries to minimize the tax burdens which may flow from the receipt of substantial fiduciary compensation in a single year for services rendered *579 over many years. The statute provides for assuring reimbursement to the estate should future events dictate that the payment on account was excessive (SCPA 2311 [5]; see also, Second Report, Temporary State Commn on Estates, Report No. 7.1B, 1963, NY Legis Doc No. 19, at 29).
SCPA 1412 establishes the procedure for the granting of preliminary letters to a named executor under a propounded instrument and for this fiduciary’s compensation. SCPA 1412 (7) provides that a preliminary executor "shall not be entitled to the commissions provided for a fiduciary in this act unless the will be admitted to probate and letters testamentary are issued to him”. Under the provisions of this statute, if a will is ultimately admitted to probate, and the preliminary executor becomes the executor, the services rendered as a preliminary executor are consolidated with those rendered as executor, and the fiduciary is entitled to compensation based upon the statutory commission to which he would be entitled if he were the executor from the inception of the administration. However, if the preliminary executor does not succeed to permanent letters, or his letters end before the estate is completed, a preliminary executor is not entitled to statutory commissions, but only to such just and reasonable compensation for services rendered to the estate as the court fixes which amount may not exceed the commissions to which an executor would be entitled, but need not necessarily equal such amount (SCPA 1412 [7]).
The basic intent of the statute sanctioning an advance payment to a fiduciary is divorced from what type of fiduciary is involved and is equally irrelevant to the contingency that a preliminary executor may not ultimately be entitled to receive statutory commissions. The essence of the provisions authorizing the appointment of preliminary executors suggests a strong presumption that such preliminary executor will ultimately succeed to permanent letters (SCPA 1412). The court takes judicial notice of the fact that all but a relatively few preliminary executors ultimately receive permanent letters.
The reference in SCPA 2311 (1) to the advanced payment "on account of the commissions to which he would be entitled if he were then filing his account” should not be read so stringently so as to exclude an advance payment to a preliminary executor merely because of the possibility that such executor may ultimately not be entitled to commissions, but only to compensation, if he does not succeed in completing the administration of the estate. Such a stringent reading would *580 be contrary to the purpose of the statute and to all considerations of equity. Whether the advance payment ultimately is applied to statutory commissions or to compensation for services rendered is not critical to effectuating the intent of the statute. In either event, the recipient is entitled to the money and even should it ultimately be determined that petitioner is not entitled to any compensation, its repayment is protected by the surety bond which must be posted.
Accordingly, it is concluded that the preliminary executor is entitled to an advance payment on account of the services presently being rendered without consideration to the possibility that ultimately this payment could prove to be on account of compensation earned as a preliminary executor or on account of statutory commissions. The payment requested is authorized upon petitioner filing a bond in the sum of such payment. The cost of this application and the bond is to be borne by the petitioner, individually.