OPINION OF THE COURT
C. Raymond Radican, J.
In this proceeding for judicial settlement of his account as preliminary executor, petitioner moves for summary judgment dismissing the objections filed contending they are not legally cognizable.
*264 The decedent’s will nominated the accountant, her brother, as executor of her estate and made him the beneficiary of the residuary that comprised 49% of the estate. Decedent’s son, who received a 35% share of the estate in trust, contested the will, which was denied probate after the jury found the proponent had exercised undue influence. Preliminary letters issued to petitioner were then revoked.
The first objection interposed to the account must be dismissed as legally insufficient. No statute or rule of law compels a fiduciary, prior to judicial settlement of his account, to make application to charge the estate with counsel fees incurred in offering the will for probate with the exception of an attorney fiduciary who does not have at least one cofiduciary who is not rendering legal services (SCPA 2111). Furthermore, an affidavit of services having been filed, the objectant’s claim that no documentation of the services rendered was presented lacks merit.
The heart of the controversy revolves about the "Second” objection which asserts the preliminary executor has no right to recover commissions, or to charge the estate with counsel fees he incurred as the unsuccessful proponent.
By statute (SCPA 1412 [7]), a preliminary executor is not entitled to commissions unless the will is admitted to probate and letters testamentary are issued to him. Where the will is denied probate or the letters of the preliminary executor are revoked during pendency of a probate proceeding, the fiduciary is relegated to such compensation, if any, as the court shall determine to be reasonable not to exceed the commissions to which an executor would be entitled (SCPA 1412 [7]).
The will here having been denied probate, the preliminary executor is restricted to such compensation, if any, the court finds reasonable. Although the criterion for payment is the reasonable value of the preliminary executor’s services, the statute places a ceiling on the amount that may be awarded by directing his compensation shall not exceed the commissions payable to an executor. By analogy, the instances in which the court, under the statute, may refuse to award compensation to a preliminary executor should dovetail with those situations in which an executor would be disallowed commissions. Viewed from this prospective, the court finds no compensation is due the accountant.
In Matter of Limberg (281 NY 463), the court had before it the question of whether one who is found by verdict of a jury *265 to have procured the execution of the will by fraud and undue influence is entitled to commissions alleged to have been earned while acting as executor. The court remarked: "It seems to us that a statement of the question carries with it the answer * * * Here the jury found not only a lack of good faith, but actual fraud and undue influence. In such circumstances one named as executor should not be permitted to benefit by his own wrongful act.” (Supra, p 466.)
The withholding of compensation is, therefore, mandated, and the denial of attorney’s fees is similarly in order with reference to services rendered in the contested probate proceeding. SCPA 2302 (3) provides: "(a) Costs payable out of the estate or otherwise may be awarded * * * (2) to an unsuccessful proponent named as executor in the will when propounded by him in good faith as the last will of the decedent. Such nominated executor * * * whether successful or not may be awarded costs and an allowance for expenses incurred in the contest or attempt to sustain the will.”
The purpose of the statute is to enable the executor named in a will to diligently and actively pursue his duty to present the will for probate and to protect it from attack from any source (Matter of Reimers, 261 NY 337, 339). The circumstance that the nominated executor is also beneficially interested as a legatee does not relieve him of his obligation nor does it preclude him from receiving an allowance for attorney fees (Matter of Everman, 279 App Div 843). However, the operation of the statute is not set in motion until triggered by a showing of good faith (Matter of Limberg, supra; Matter of Kaufmann, 51 Misc 2d 560, 561, mod on other grounds 26 AD2d 818, affd 23 NY2d 700).
Good faith is not demonstrated, as petitioner advocates, simply because the jury did not find fraud in addition to undue influence. This is not a case where the nominated executor was not a party to the misconduct that affected the instrument (see, e.g., Matter of Brewer, 277 App Div 1008, affd 303 NY 635). The proponent here was not only the named executor and trustee but the beneficiary of nearly one half of the estate. The finding of the jury that the proponent exercised undue influence over the decedent in procuring the execution of a will — which largely favored him — is conclusive on the court (Matter of Kaufmann, 51 Misc 2d, at p 562). Under such circumstances, the action of the proponent in offering the will for probate is of itself an act of bad faith. The consequences intended to be accomplished by attempting pro *266 bate is to deceive the court and to defraud the natural objects of the decedent’s bounty from their rightful share of the estate (Matter of Limberg, supra; Matter of Reeves, 266 App Div 799, lv denied 266 App Div 968, affd 292 NY 711; Matter of Evander, 18 AD2d 704, affd 13 NY2d 1083; Matter of Kaufmann, supra). An allowance of attorney fees in such instance would constitute a perversion of justice (Matter of Kaufmann, supra). The attorneys must, therefore, look to their client for payment of their fee.
In this case, however, an examination of the request for attorney fees is required because not all the services rendered by the different attorneys employed by petitioner related exclusively to the contested probate proceeding. The various affidavits of services disclose that estate tax liens were released and an accounting filed. These services are free from the taint of fraud, and would necessarily have been performed whether or not the will was admitted to probate. Such services to this limited extent are compensable.
The first attorney engaged by the preliminary executor, Mr. DelGiacco, has been paid $2,000 from estate funds, and this is the amount of compensation sought in the citation. Although his affidavit of services requests an additional $2,000, the allowable relief is circumscribed by the request set forth in the citation (SCPA 306). The bulk of Mr. DelGiacco’s services being connected with the contested probate proceeding, compensation thereof is disallowed. However, to the extent he filed a TT-102 resident affidavit from and obtained a release of estate tax lien, he is awarded an allowance of $600, which is without prejudice to any claim against the client. Petitioner is surcharged the sum of $1,400, representing the balance of the fee paid, together with interest at the legal rate from the dates of payment.
Andrew J. Wallace acted as trial counsel in the probate contest. No compensation may be allowed to him for such services, but this determination is without prejudice to any claim he may possess against petitioner.
The firm of Speno, Goldberg, Moore, Margules & Corcoran prepared petitioner’s account, and handled the accounting contest which exclusively concerned petitioner’s right to be awarded commissions and attorney fees. This firm also obtained a transcript of the trial which it examined with a view towards taking an appeal. These circumstances lead the court to reduce the $4,281.25 fee requested to $2,500 to cover the *267 filing of the accounting together with disbursements for filing and process server’s fees in the sum of $332.50. This allowance is also made without prejudice to any claim this firm may have against petitioner. The account shall be amended to reflect the aforementioned modifications and a decree submitted by January 28, 1987.
The motion for summary judgment is disposed of as follows: The motion is granted in favor of petitioner dismissing, as a matter of law, objections labeled "First” that do not constitute a defense to the petition. Objections designated as "Second” set forth matter that constitutes in part a complete defense to that part of the petition and account seeking payment of executor’s commissions and attorney fees related to the contested probate proceeding. Since the motion for summary judgment searches the record (CPLR 3212 [b]), respondents are awarded partial summary judgment dismissing the petition to that extent and the items of the account requesting that relief are disallowed. Legal services unconnected to the contested probate may be recovered. Therefore, the allegations in the objections marked "Second” which seek to deny such fees do not state a legal defense and are stricken except with respect to the amount that may be allowed on the accounting. The court, however, as noted heretofore, has fixed the value of such services on the assumption that the various affidavits of services and the objections made thereto were submitted for that purpose.