■ In the Matter of the Estate of HENRY WINCKLER, Deceased. STEPHEN T. MANGIARACINA et al., Appellants; ROY E. BITTNER et al., Respondents. [651 NYS2d 69] —In a proceeding to settle the account of Roy E. Bittner, as former preliminary executor of the Estate of Henry Winckler, the petitioners appeal from (1) an order of the Surrogate's Court, Nassau County (Radigan, S.), dated August 29, 1995, which fixed the fees due the law firm of Edelman & Ness at $2,000, (2) an order of the same court, dated October 2, 1995, which denied the petitioners' motion (a) to reargue a decision of the same court dated July 18, 1995, which determined the issues raised in the petition and (b) denied their application to disqualify certain counsel from representing the preliminary executor (3) so much of an order of the same court, dated December 11, 1995, as denied that branch of the petition which sought a refund to the Estate of Henry Winckler of the attorneys' fees paid to Sinnreich & Crannage, P. C., and (4) an order of the same court, dated April 22, 1996, which denied the petitioners' motion to vacate the order dated December 11, 1995.

Ordered that the appeal from so much of the order dated October 2, 1995, as denied that branch of the petitioners' motion which was for reargument is dismissed, as no appeal lies

from an order denying reargument of a decision; and it is further,

Ordered that the order dated October 2, 1995, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated August 29, 1995, is reversed, on the law; and it is further,

Ordered that the order dated December 11, 1995, is reversed insofar as appealed from, on the law, that branch of the petition which sought a refund to the Estate of Henry Winckler of the attorneys' fees paid to Sinnreich & Crannage, P. C., is granted, and Sinnreich & Crannage, P. C., is directed to refund to the Estate of Henry Winckler its attorneys' fees earned in the related probate proceeding; and it is further,

Ordered that the appeal from the order dated April 22, 1996, is dismissed as academic in light of our determination of the appeals from the orders dated August 29, 1995, and December 11, 1995; and it is further,

Ordered that the petitioners are awarded one bill of costs, payable by the respondent.

Roy E. Bittner, the preliminary executor, had presented a will of the decedent Henry Winckler for probate. Judith Shannon, who was the primary beneficiary of a prior will of the decedent, filed objections to the will presented by Bittner. A jury later determined that the will Bittner sought to probate had been procured by the undue influence of Bittner and an accomplice. The prior will was entered into probate, and the petitioner Stephen T. Mangiaracina was named executor. Shannon thereupon commenced a separate proceeding against Bittner to recover the assets of two Totten-trust bank accounts and the proceeds of a life insurance policy, alleging that Bittner had exercised undue influence over the decedent, resulting in the decedent's naming of Bittner as the beneficiary of these funds. Bittner defaulted in that proceeding and was ordered to return the funds to Shannon. Bittner, however, had already used the bulk of these funds to pay his attorneys Sinnreich & Crannage, P. C. (hereinafter Sinnreich), for services rendered in conjunction with the attempt to probate the will he had presented to the Surrogate's Court.

In this proceeding to settle Bittner's account as preliminary executor, the petitioners sought, *inter alia,* the return of the attorneys' fees paid to Sinnreich. In connection with this proceeding, Joseph Edelman, a member of the law firm of Edelman & Ness (hereinafter Edelman), submitted an affidavit regarding work his firm had done for the estate. Edelman had

been retained by Bittner to assist him in preparing the accounting and had billed the estate for $4,012.50, but was never paid. In an order dated August 29, 1995, the Surrogate's Court fixed fees in the sum of $2,000 to be paid to Edelman out of the assets of the estate. However, it does not appear that the estate ever paid these fees. By order dated December 11, 1995, the Surrogate's Court, *inter alia,* refused to order the return of the attorneys' fees paid to Sinnreich, holding that there was no evidence that Bittner had acted other than in good faith with regard to the nontestamentary assets and that Sinnreich, which was not a named respondent in the proceeding commenced by Shannon to recover the nontestamentary assets, could not be ordered to return its fees. We reverse.

SCPA 2302 (3) (a) allows an unsuccessful will proponent to recover fees incurred in a probate proceeding, provided the will was propounded in good faith. The Court of Appeals has held that one who procures the execution of a will by fraud and undue influence is not entitled to any commissions arising out of his service as executor, because the finding of fraud and undue influence is evidence of bad faith *(see, Matter of Limberg,* 281 NY 463, 466). The rationale which applied to commissions in *Limberg* applies with equal force to the recovery of attorneys' fees from an estate *(see, Matter of DiJurico,* 134 Misc 2d 263). In *DiJurico,* as here, a jury found that the preliminary executor had secured the execution of the will through the exercise of undue influence *(Matter of DiJurico, supra,* at 264). The court held that, under the circumstances, the very action of offering the will for probate was conclusive evidence of bad faith. Accordingly, allowing the proponent of the will to recover his attorney's fees from the assets of the estate would be a "perversion of justice" because it would allow the proponent of the will to profit by his own wrong *(Matter of DiJurico, supra,* at 266).

Here, Bittner came into possession of the nontestamentary assets as a result of his own wrongdoing, as evidenced by the default judgment entered against him. He then transferred certain of these assets to Sinnreich effectively avoiding liability to the estate. This result is clearly contrary to law and to the intent of SCPA 2302 (3) (a), and Sinnreich must refund its fees to the estate and pursue Bittner, if necessary, in a separate action. Similarly, Edelman cannot be allowed to recover any of their fees from the estate *(see,* SCPA 2302 [3] [a]; *Matter of DiJurico, supra).*

The appellants remaining contentions are without merit. Sullivan, J. P., Copertino, Santucci and Florio, JJ., concur.