OPINION OF THE COURT
Lee L. Holzman, J.
In this application by the co-preliminary executrices for an advance payment of commissions pursuant to SCPA 2311, the question presented is whether a literal construction of SCPA 2311 (1) and 1412 (7) mandates that the application be denied *111 (Turano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 58A, SCPA 1412, at 347) and, if not, whether under the facts of this case, the court should follow the holding in Matter of Kochovos (132 Misc 2d 577), that preliminary executors are entitled to advance payments under SCPA 2311 even though SCPA 1412 (7) provides that they are entitled to "reasonable compensation” for their services as preliminary executors and not "commissions”.
A residuary beneficiary of the estate, who is also the nominated alternate executor, filed objections alleging that the "dishonesty” of the nominated executrices with regard to a power of attorney executed by decedent renders them ineligible to serve as the fiduciaries of the estate. Objectant does not otherwise contest the validity of the propounded instrument dated November 15, 1994. Although objectant received no prior notice of this application, the proposed order was noticed for settlement upon his attorney and no opposing papers have been filed. Even though decedent died on February 13, 1996, and preliminary letters were issued on March 22, 1996, petitioners just recently completed the necessary steps so that a citation might be published with a return date of December 30, 1996 so that jurisdiction might be obtained over unknown heirs. A guardian ad litem for unknown heirs must be designated.
SCPA 2311 (1) permits the advance payment of commissions to a fiduciary "on account of the commissions to which he would be entitled if he were then filing his account”. SCPA 1412 (7) provides that, in the event that the propounded instrument is not admitted to probate, the preliminary executor is not entitled to statutory commissions but only to "such compensation, if any, as the court shall determine to be reasonable and just for the services rendered by him to the estate, not to exceed the commissions to which an executor would be entitled”.
In Matter of Kochovos (supra), the following reasons were stated for awarding advance payment to the preliminary executor: SCPA 2311 was enacted to provide tax benefits for all fiduciaries by permitting them to receive income in more than one taxable year; most preliminary executors ultimately are appointed as the permanent executors, a fact which was recognized by the Legislature in enacting SCPA 1412; that, based upon statutory intent and equitable considerations, a fiduciary should not be deprived of a tax advantage merely because the payment might be referred to as "reasonable *112 compensation” instead of as "commissions”; and that no party would be harmed by granting the application because a bond is posted to secure the return of the advance in the event that it is eventually disallowed.
In those cases where the preliminary executors have expeditiously obtained jurisdiction over all necessary parties and no one is questioning the eligibility of the nominated executors or asserting that they are guilty of undue influence or fraud, this court can discern no valid reason for not following Matter of Kochovos (supra). However, the provision in SCPA 2311 (1) that a fiduciary may "receive a sum on account of the commissions to which he would be entitled if he were then filing his account and it were judicially settled” indicates that, if at the time of the application, there is a reasonable probability that the fiduciary shall not be entitled to any compensation due to misdeeds or ineligibility, the application can be denied.
Objectant has alleged that petitioners’ dishonesty precludes their appointment as co-executrices and it would appear that, if these allegations are sustained, they would be denied any compensation for their services as a fiduciary, as is the case with nominated executors who procure a will by fraud or undue influence (Matter of Limberg, 281 NY 463, 466). Furthermore, it would not be good policy to permit preliminary executors to receive compensation while they were lax in their obligation to expeditiously obtain jurisdiction over all necessary parties. Petitioners’ failure to act more expeditiously in this regard deprived the court from having the benefit of the opinion of the guardian ad litem as to whether this application should be granted. Thus, the application is denied because it is not clear at this time whether petitioners will eventually be entitled to any compensation or commissions for their services as fiduciaries. If petitioners had obtained jurisdiction over all of the parties with reasonable expedition, the court would have taken a closer look at whether the objections were more factual or conclusory in nature and, in light of the refunding bond, would have probably granted the application in the absence of any opposition.
This determination, that a preliminary executor cannot automatically utilize SCPA 2311 to receive an advance payment and that this is not an appropriate case for such a payment, should not be construed as precedent for either requiring that an executor or an administrator with permanent letters give notice of the application for an advance under SCPA 2311 or as automatically precluding other preliminary *113 executors from the tax benefits envisioned by SCPA 2311. It is clear that it would be a perversion of the spirit and intent of both SCPA 2311 and 1412 to hold a hearing to determine whether an advance payment should be allowed under SCPA 2311. The presumption is that the fiduciary is entitled to the advance payment and it is only where it is apparent from the record that there is a legitimate question as to whether the preliminary executor shall be entitled to any compensation that the application should be denied on the papers.