■ In the Matter of ALESSANDRO DELLA CHIESA, Deceased. EILY DELLA CHIESA et al., as Trustees under the Will of ALESSANDRO DELLA CHIESA, Deceased, et al., Appellants; EUGENE J. KEOGH et al., Respondents.— In a proceeding to judicially settle the account of the four executors of the testator, in which an attorney, Eugene J. Keogh, presented a petition to fix his compensation for legal services rendered to two of the executors in connection with such accounting proceeding, the two trustees under testator's will and his widow (who is one of the four coexecutors) and two children appeal from an order of the Surrogate's Court, Queens County, made June 13, 1962 after a hearing, which fixed the attorney's compensation at $2,000 and directed the executors to pay said sum to him from the funds of the estate. Order reversed on the law and the facts with one bill of costs to the appellants jointly, payable out of the estate, and the attorney's petition dismissed, without costs. Findings of fact which may be inconsistent herewith are reversed and new findings are made as indicated herein. The attorney who was retained by the two executors (one a lawyer and the other an accountant) rendered services in connection with objections filed by the special guardian to the account of the four executors. One of such objections was against the legal fees claimed by the attorney-executor's law firm; another of such objections was against the accounting fees claimed by the second executor. With respect to these claimed fees, the said two executors were creditors of the estate, making a claim in hostility to it. Therefore, in our opinion, the services of their special counsel in seeking to sustain such fees were performed for them individually and not in behalf of the estate. Another of the objections related to an investment by the four executors in stock of a corporation of which one of the executors was counsel. Such investment was in the nature of self-dealing by the executor; and the services of counsel to represent an executor against a charge of self-dealing may not be charged to the estate (*Matter of Hildreth*, 274 App. Div. 611). Although the erroneous computation of commissions by the executors was the result of an honest mistake, the beneficiaries of the estate should not be penalized by the payment of legal services for defending the executors with respect to such mistake. Finally, prior to the filing of the account, there was an agreement among the four executors and the law firms then representing them that the fees for all services rendered up to and including the accounting would be a stipulated amount. That amount was in fact paid to the two law firms. Under the circumstances, the two executors for whom petitioner was retained were without authority to bind the estate to pay additional fees to such retained counsel. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.