■ PDK LABS, INC., Plaintiff, v PERRY KRAPE, Respondent, and MICHAEL KRASNOFF et al., Appellants. [716 NYS2d 323] —In an action, *inter alia,* to recover damages for breach of contract, the counterclaim defendants Michael Krasnoff and Ira Helman appeal from so much of an order of the Supreme Court, Suffolk County (Kitson, J.), dated June 15, 1999, as denied those branches of their motion which were to dismiss the amended first counterclaim alleging fraud and misrepresentation, and the amended second and third counterclaims alleging breach of fiduciary duty by Krasnoff and Helman as directors and/or officers of the corporate counterclaim defendant.

Ordered that the order is affirmed insofar as appealed from, with costs.

The particularity requirement of CPLR 3016 (b) requires "only that the misconduct complained of be set forth in sufficient detail to clearly inform a defendant with respect to the incidents complained of and is not to be interpreted so strictly as to prevent an otherwise valid cause of action in situations where it may be 'impossible to state in detail the circumstances constituting a fraud' " (*Lanzi v Brooks,* 43 NY2d 778, 780, quoting *Jered Contr. Corp. v New York City Tr. Auth.,* 22 NY2d 187, 194). The amended first counterclaim sets forth the alleged material and factual misrepresentations, scienter, and the claimed damages, sufficient to withstand a motion to dismiss pursuant to CPLR 3016 (b) (*see, Fidelity & Deposit Co. v Andersen & Co.,* 131 AD2d 308).

The amended second and third counterclaims were also properly sustained. On a motion to dismiss a complaint for failure to state a cause of action, the court's function is the narrow one of ascertaining whether the pleading states any cause of action, and not whether there is evidentiary support for the complaint (*see, Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *Holly v Pennysaver Corp.,* 98 AD2d 570). As such, all of the factual allegations contained in the complaint must be accepted as true (*see, Morone v Morone,* 50 NY2d 481, 485). Acceptance of the arguments of the individual counterclaim defendants on this motion to dismiss would therefore improperly require the court to make factual determinations.

The appellants' remaining contentions are without merit. Santucci, J. P., Sullivan, Friedmann and Smith, JJ., concur.