In the Matter of the Estate of HENRIETTA RODKEN, Deceased. ARMAND J. ROSENBERG, Individually and as Executor of BEATRICE RODKIN, Deceased, Appellant; DOROTHY GORDON et al., Respondents. [768 NYS2d 521]—

Carpinello, J. Appeal from that part of a decree of the Surrogate's Court of Schenectady County (Kramer, S.), entered June 27, 2002, which denied certain commissions and counsel fees.

Henrietta Rodken (hereinafter decedent) died intestate in 1986 and her sister, Beatrice Rodkin, was appointed administrator of her estate. Rodkin, with petitioner acting as her attorney, spent several years resolving decedent's outstanding tax liabilities and, in 1994, made distributions to decedent's heirs, including her sisters, respondent Dorothy Gordon and Mildred Weissman. Rodkin died testate in 1997.

In 1998, Gordon commenced a proceeding to compel an accounting of decedent's estate. Petitioner, the executor of Rodkin's estate, moved to dismiss the proceeding or, alternatively, for summary judgment. Surrogate's Court denied the motion, petitioner appealed, and we affirmed (*Matter of Rodken,*

270 AD2d 784 [2000]). Petitioner thereafter brought this petition for judicial settlement of the account wherein he sought fiduciary commissions for Rodkin and himself (as fiduciary to the deceased fiduciary), counsel fees for his services related to the administration of decedent's estate and counsel fees for his services related to the accounting, including the interim appeal. Respondents each filed objections to the payment of fiduciary commissions and legal expenses of the accounting. Surrogate's Court sustained the objections and denied these charges to the estate, approved payment of counsel fees to petitioner for services rendered in the administration of decedent's estate and judicially settled the final accounting. Petitioner now appeals from so much of the final decree as denied payment of commissions and counsel fees for the accounting.

We affirm. Rodkin's estate is not entitled to receive a statutory commission for her service as decedent's fiduciary, but Surrogate's Court can, in its discretion, compensate her estate for the value of her services in an amount that does not exceed the statutory commission (*see Matter of Barker*, 230 NY 364, 371 [1921]; *Matter of Mittman*, 123 AD2d 631, 632 [1986]). Here, however, respondents, who are the sole residual beneficiaries of Rodkin's estate, have not sought such compensation. As for petitioner's claim for fiduciary commissions, he was never judicially appointed as a successor fiduciary of decedent's estate and, thus, is not entitled to same. While Surrogate's Court is authorized to compensate the fiduciary of a deceased fiduciary for services rendered in accounting for the underlying estate (*see* SCPA 2207 [6]; *see also Matter of Mittman, supra* at 632; *Matter of Jadwin*, 58 Misc 2d 809, 817 [1969]), here, the court considered the extent of petitioner's services in rendering the accounting and declined to make such an award. On this record, we see no abuse of discretion.

Further, Surrogate's Court properly denied petitioner's claim for counsel fees in connection with the accounting. An attorney may be compensated from estate funds only for services that benefit the estate (*see Matter of Atkinson*, 148 AD2d 839, 842 [1989]; *Matter of Burns*, 126 AD2d 809, 812 [1987]). We agree with Surrogate's Court that decedent's estate derived no benefit from petitioner's efforts to resist the accounting and, thus, the court's denial of his claim for counsel fees related to the accounting was not an abuse of discretion. We note that the court properly awarded petitioner $18,750 in counsel fees for his services in administering the estate, which did indeed benefit the estate.

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the decree is affirmed, with costs.