■ WILLIAM JACOBS et al., Appellants, v RICHARD L. KAY et al., Respondents. [857 NYS2d 80]—

Judgment, Supreme Court, New York County (Leland De-Grasse, J.), entered February 26, 2007, dismissing the complaint, unanimously affirmed, with costs.

After settling with the executrix their objections to the probate of their father's will and trust, plaintiffs commenced this action against the attorneys for alleged fraudulent misrepresentation, fraudulent concealment, legal malpractice, breach of contract and for treble damages, in the preparation of those instruments. Not only does New York not recognize a right of action for tortious interference with prospective inheritance (*see Vogt v Witmeyer*, 87 NY2d 998 [1996]), but having earlier settled their objections, plaintiffs may not now seek, in effect, to challenge indirectly the validity of the will and trust by suing these defendants with whom they had absolutely no privity.

Absent a contractual relationship between the professional and the party claiming injury, the potential for liability "is carefully circumscribed" (*William Iselin & Co. v Mann Judd Landau*, 71 NY2d 420, 425 [1988]). A viable tort claim against a professional requires that the underlying relationship between the parties be one of contract or the bond between them so

close as to be the functional equivalent of contractual privity (*Ossining Union Free School Dist. v Anderson LaRocca Anderson*, 73 NY2d 417 [1989]). However, plaintiffs have not pleaded any facts setting forth the existence of a contractual relationship or the functional equivalent thereof between themselves and defendants. Moreover, they have no viable cause of action for treble damages under Judiciary Law § 487, since defendants' purported deceit did not occur during the course of a pending judicial proceeding (*see Costalas v Amalfitano*, 305 AD2d 202, 203-204 [2003]). Concur—Tom, J.P., Mazzarelli, Williams and Sweeny, JJ.