■ PUTNAM COUNTY TEMPLE & JEWISH CENTER, INC., Appellant, v RHINEBECK SAVINGS BANK et al., Respondents. [930 NYS2d 42]—

The plaintiff, Putnam County Temple & Jewish Center, Inc. (hereinafter the temple), owns certain real property (hereinafter the Brewster property) in Brewster, New York. The defendant Rhinebeck Savings Bank (hereinafter the bank) loaned certain funds to the temple, and claims to hold several mortgages on the Brewster property. The defendants Levine & Levine, P.C., and Robert S. Levine (hereinafter together the attorneys) represented both the temple and the bank in connection with the financing. In 2010 the temple commenced this action against, among others, the bank and the attorneys, inter alia, to recover damages for legal malpractice, fraud, breach of fiduciary duty, and violation of Judiciary Law § 487 on the part of the attorneys, and for a judgment declaring the subject mortgages invalid. Additionally, in two causes of action asserted against the bank, the temple alleged that any mortgages purportedly held by the bank were invalid because the requirements of Religious Corporations Law § 12 and Not-For-Profit Corporation Law § 511, which govern the mortgaging of real property owned by religious corporations, had not been satisfied.

The attorneys, along with the defendant Robert Apple, moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them. The bank also moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it. In the orders appealed from, the Supreme Court granted the motions. To the extent reviewed on these appeals, we modify.

The Supreme Court held that the attorneys were entitled to dismissal of the eighth cause of action to recover damages for legal malpractice insofar as asserted against them on the grounds that the applicable statutes of limitations had run, the attorneys had presented documentary evidence that conclusively disposed of the temple's claims, and the temple failed to state a cause of action. We disagree. Based upon the allegations in the complaint and the documentary evidence presented, it cannot be determined at this juncture whether the continuous representation doctrine tolls the three-year statute of limitations for attorney malpractice under the circumstances (*see Kanter v Pieri*, 11 AD3d 912, 913-914 [2004]). Moreover, the temple properly alleged all of the elements necessary to recover damages for legal malpractice. Accordingly, the Supreme Court erred in holding that the eighth cause of action to recover damages for legal malpractice should be dismissed insofar as asserted against the attorneys.

However, the Supreme Court properly held that the third cause of action to recover damages for breach of fiduciary duty should be dismissed insofar as asserted against the attorneys, as the breach of fiduciary duty allegations are essentially duplicative of the legal malpractice allegations (*see Kvetnaya v Tylo*, 49 AD3d 608, 609 [2008]; *TVGA Eng'g, Surveying, P.C. v Gallick*, 45 AD3d 1252, 1256 [2007]; *Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267, 271 [2004]).

The Supreme Court further erred in holding that the seventh cause of action to recover damages for fraud should be dismissed insofar as asserted against the attorneys. Contrary to the attorneys' contention, that cause of action was pleaded with sufficient specificity (*see* CPLR 3016 [b]; *Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486, 492 [2008]; *PDK Labs v Krape*, 277 AD2d 211 [2000]), and the attorneys' documentary evidence failed to "resolve[ ] all factual issues as a matter of law, and conclusively dispose[ ] of the plaintiff's claim" (*Brunot v Eisenberger & Co.*, 266 AD2d 421 [1999]; *see* CPLR 3211 [a] [1]). However, in its current form, the sixth cause of action alleging a violation of Judiciary Law § 487 lacks the required specificity (*see Mars v Grant*, 36 AD3d 561 [2007]; *Briarpatch Ltd., L.P. v Frankfurt Garbus Klein & Selz, P.C.*, 13 AD3d 296, 297-298 [2004]), and, under the circumstances of this case, we modify the order dated August 2, 2010, to grant that branch of the motion which was pursuant to CPLR 3211 (a) to dismiss the sixth cause of action insofar as asserted against the attorneys with leave to the temple to replead the allegations in an amended complaint.

Additionally, the issue of whether the bank holds valid mortgages on the temple's property cannot be determined on the bank's motion to dismiss. The documentary evidence indicates that certain requirements of Religious Corporations Law § 12 (1) and Not-For-Profit Corporation Law § 511 may not have been satisfied (*see Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn*, 54 NY2d 742, 743-744 [1981]; *Bernstein v Friedlander*, 58 Misc 2d 492, 495 [1968]; *see also Matter of Prospect Hgts. Hous. Dev. Fund Corp.*, 38 AD3d 781, 782 [2007]), and, contrary to the bank's contention, the temple is not collaterally estopped from alleging that the mortgages are invalid. However, a question remains as to whether the temple is judicially estopped from contesting the mortgages' validity (*see Hinman, Straub, Pigors & Manning v Broder*, 124 AD2d 392, 393 [1986]; *Environmental Concern v Larchwood Constr. Corp.*, 101 AD2d 591, 593 [1984]). Accordingly, the Supreme Court erred in granting those branches of the bank's motion which were pursuant to CPLR 3211 (a) to dismiss the first and second causes of action in the complaint to recover damages for violation of Religious Corporations Law § 12 and Not-For-Profit Corporation Law § 511, and for a judgment declaring the subject mortgages invalid, respectively, insofar as asserted against the bank.

The Supreme Court also erred in holding that the ninth cause of action to recover damages for breach of contract against the bank should be dismissed for failure to state a cause of action. The bank did not seek dismissal of that cause of action on that ground, nor was such relief warranted based on the allegations in the complaint (*see e.g. Matter of Myers v Markey*, 74 AD3d 1344, 1345 [2010]).

The parties' remaining contentions either are without merit or need not be addressed in light of the foregoing determination. Mastro, J.P., Balkin, Chambers and Lott, JJ., concur.