■ DEBRA BETZ, Administratrix of the Estate of CARMELO CARBONE, Also Known as MEL CARBONE, Deceased, Appellant-Respondent, v ARNOLD W. BLATT et al., Respondents, and GEORGE A. SIRIGNANO, JR., et al., Respondents-Appellants. [984 NYS2d 378]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated August 1, 2012, as granted those branches of the motion of the defendant Arnold W. Blatt which were, in effect, pursuant to CPLR 3211 (a) to dismiss the second through fifth causes of action, granted those branches of the motion of the defendant Anthony J. Pieragostini which were pursuant to CPLR 3211 (a) to dismiss the seventh through tenth causes of action, and granted those branches of the motion of the defendants George A. Sirignano, Jr., and Enea, Scanlan & Sirignano, LLP, which were pursuant to CPLR 3211 (a) to dismiss the twelfth through fifteenth causes of action, and the defendants George A. Sirignano, Jr., and Enea, Scanlan & Sirignano, LLP, cross-appeal from so much of the same order as denied that branch of their motion which was pursuant to CPLR 3211 (a) to dismiss the eleventh cause of action.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the

defendants George A. Sirignano, Jr., and Enea, Scanlan & Sirignano, LLP, which was pursuant to CPLR 3211 (a) to dismiss the eleventh cause of action, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof granting that branch of the motion of the defendants George A. Sirignano, Jr., and Enea, Scanlan & Sirignano, LLP, which was pursuant to CPLR 3211 (a) to dismiss the fourteenth cause of action, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendant Anthony J. Pieragostini, payable by the plaintiff.

This action, inter alia, to recover damages for legal malpractice, challenges the work performed by attorneys and law firms who represented an executor of a decedent's estate, who was removed for cause. In his will, the decedent left the bulk of his estate to his daughters, the plaintiff and Christina Carbone-Lopez. The decedent also named his brother, Michaelangelo Carbone (hereinafter Carbone), as executor. After contested probate proceedings, including a contested accounting, Carbone's letters testamentary were suspended and he was surcharged in excess of $1,025,000 for his looting and mismanagement of the estate. On prior appeals from orders of the Surrogate's Court, this Court upheld those sanctions (see Matter of Carbone, 101 AD3d 866 [2012]). The plaintiff was substituted as executor.

In her capacity as executor, the plaintiff commenced this action alleging, inter alia, legal malpractice by the defendants George A. Sirignano, Jr., Enea, Scanlan & Sirignano, LLP (hereinafter together the Sirignano defendants), Arnold W. Blatt, and Anthony J. Pieragostini. Each of the defendants represented Carbone in the contested probate proceedings.

Pieragostini and the Sirignano defendants separately moved, pursuant to CPLR 3211 (a), to dismiss the causes of action asserted against them. Blatt moved for summary judgment dismissing the causes of action asserted against him, but the Supreme Court deemed his motion a motion pursuant to CPLR 3211 (a). In the order appealed from, the court denied those branches of the respective motions which were to dismiss the first, sixth, and eleventh causes of action, which alleged legal malpractice. However, the court granted those branches of the respective motions which were to dismiss the second, seventh, and twelfth causes of action, which alleged breach of fiduciary duty; the third, eighth, and thirteenth causes of action, which alleged fraud and breach of trust; the fourth, ninth, and fourteenth causes of action, which sought disgorgement and

restitution of attorneys' fees and expenses; and the fifth, tenth, and fifteenth causes of action, which alleged violations of Judiciary Law § 487.

"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007], quoting *McCoy v Feinman*, 99 NY2d 295, 301 [2002]; *see Markel Ins. Co. v American Guar. & Liab. Ins. Co.*, 111 AD3d 678, 680 [2013]; *Barnave v Davis*, 108 AD3d 582 [2013]). " '[A]bsent fraud, collusion, malicious acts or other special circumstances, an attorney is not liable to third parties, not in privity, for harm caused by professional negligence' " (*Conti v Polizzotto*, 243 AD2d 672, 672 [1997], quoting *Estate of Spivey v Pulley*, 138 AD2d 563, 564 [1988]; *see Keness v Feldman, Kramer & Monaco, P.C.*, 105 AD3d 812, 813 [2013]; *Jacobs v Kay*, 50 AD3d 526, 526-527 [2008]; *Chinello v Nixon, Hargrave, Devans & Doyle, LLP*, 15 AD3d 894, 895 [2005]).

Contrary to the Supreme Court's factual finding, the Sirignano defendants' retainer agreement with Carbone does not contain the phrase "administration of the estate." Both the retainer agreement and the facts as pleaded in the complaint indicate that the Sirignano defendants were retained solely to defend Carbone in the contested accounting proceeding and related matters, and were not retained to administrate the estate. Therefore, the Supreme Court erred in finding that the Sirignano defendants "under[took] a duty of undivided loyalty to the Estate and its beneficiaries." Since the documentary evidence demonstrates that the Sirignano defendants were not in privity with the estate, and because the plaintiff failed to plead specific facts tending to show that the Sirignano defendants engaged in fraud or colluded with Carbone, the plaintiff did not assert a viable cause of action against them on the estate's behalf to recover damages for legal malpractice. Accordingly, the eleventh cause of action, which alleged legal malpractice by the Sirignano defendants, must be dismissed pursuant to CPLR 3211 (a) (*see Keness v Feldman, Kramer & Monaco, P.C.*, 105 AD3d at 813; *Jacobs v Kay*, 50 AD3d at 526-527; *Chinello v Nixon, Hargrave, Devans & Doyle, LLP*, 15 AD3d at 895; *Conti v Polizzotto*, 243 AD2d at 672). For the same reasons, the twelfth cause of action, which alleged breach of fiduciary duty by the Sirignano defendants, was properly dismissed.

This Court has held that "an attorney represents the administrators individually and not the estate itself" (*Matter of Hof*, 102 AD2d 591, 593 [1984], citing *Matter of Schrauth*, 249 App Div 847, 847 [1937], and *Matter of Scanlon*, 2 Misc 2d 65, 69 [Sur Ct, Kings County 1956]; *see Matter of Della Chiesa*, 23 AD2d 562 [1965]). Accordingly, an attorney may recover fees from the estate only where the services rendered benefit the estate (*see Matter of Rodken*, 2 AD3d 1008, 1009 [2003]; *Matter of Winckler*, 234 AD2d 307, 309 [1996]; *Matter of Baxter [Gaynor]*, 196 AD2d 186, 190 [1994]; *Matter of Della Chiesa*, 23 AD2d at 562; *see also Matter of Smolley*, 188 AD2d 535, 538 [1992]). Where a plaintiff asserts a cause of action for restitution, the " 'essential inquiry' " is " 'whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered' " (*Goel v Ramachandran*, 111 AD3d 783, 791 [2013], quoting *Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421 [1972]; *see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]; *Sample v Yokel*, 94 AD3d 1413, 1415 [2012]; *Trotta v Ollivier*, 91 AD3d 8, 12 [2011]). In determining whether this equitable remedy is warranted, a court should " 'look to see if a benefit has been conferred on the defendant under mistake of fact or law, if the benefit still remains with the defendant, if there has been otherwise a change of position by the defendant, and whether the defendant's conduct was tortious or fraudulent' " (*Goel v Ramachandran*, 111 AD3d at 791, quoting *Paramount Film Distrib. Corp. v State of New York*, 30 NY2d at 421; *see Zamor v L&L Assoc. Holding Corp.*, 85 AD3d 1154, 1156-1157 [2011]).

Here, the plaintiff alleged that the Sirignano defendants' fees for representing Carbone were paid from estate assets even though those services were not beneficial to the estate and were, in fact, adverse to it. Thus, the plaintiff has pleaded facts sufficient to assert a cause of action for restitution (*see Goel v Ramachandran*, 111 AD3d at 791; *see also Matter of Rodken*, 2 AD3d at 1009; *Matter of Winckler*, 234 AD2d at 309; *Matter of Baxter [Gaynor]*, 196 AD2d at 190; *Matter of Della Chiesa*, 23 AD2d 562 [1965]). Accordingly, the Supreme Court erred in granting that branch of the Sirignano defendants' motion which was to dismiss the fourteenth cause of action, which sought disgorgement and restitution of attorneys' fees from them.

The Supreme Court properly dismissed the second and seventh causes of action, which alleged breach of fiduciary duty, the third, eighth, and thirteenth causes of action, which alleged fraud and breach of trust, and the fourth and ninth causes of action, which sought disgorgement and restitution of attorneys'

fees, which were all based on the same facts as the causes of action to recover damages for legal malpractice, and did not allege distinct causes of action (*see Putnam County Temple & Jewish Ctr., Inc. v Rhinebeck Sav. Bank*, 87 AD3d 1118, 1120 [2011]; *Weiss v Manfredi*, 83 NY2d 974, 977 [1994]; *Financial Servs. Veh. Trust v Saad*, 72 AD3d 1019, 1021 [2010]; *Mahler v Campagna*, 60 AD3d 1009, 1012 [2009]). Likewise, the court properly dismissed the third, fifth, eighth, tenth, thirteenth, and fifteenth causes of action, since they were not pleaded with the requisite degree of particularity (*see* CPLR 3016 [b]; *Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]; *Parekh v Cain*, 96 AD3d 812, 816-817 [2012]; *Putnam County Temple & Jewish Ctr., Inc. v Rhinebeck Sav. Bank*, 87 AD3d at 1120).

In light of the foregoing, we need not reach the parties' remaining contentions. Mastro, J.P., Balkin, Miller and LaSalle, JJ., concur.