In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Fusco, J.), dated October 15, 2012, as granted those branches of the defendant’s motion which were pursuant to CPLR 3211 (a) to dismiss the second through tenth causes of action.
Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.
In April 2012, the plaintiff contracted with the defendant to ship a container of items to Nigeria. The defendant is a New York corporation engaged in the business of consolidated air freight of goods from the United States to Nigeria. Although the subject container was delivered to Lagos, Nigeria, in early May 2012, the plaintiff never retrieved it because he refused to pay the additional amount requested by the defendant to cover the cost of an increased cargo tariff, claiming that payment of the additional cost was the defendant’s responsibility.
In or around July 2012, the plaintiff commenced this action, inter alia, to recover damages for breach of contract. Thereafter, the defendant moved pursuant to CPLR 3211 (a) to dismiss the complaint. The Supreme Court granted those branches of the motion which were to dismiss the second through tenth causes of action. The Supreme Court denied that branch of the motion which was to dismiss the first cause of action, which sought damages for breach of contract and, pursuant to CPLR 325 (d) and 22 NYCRR 202.13, transferred the matter to the Civil Court of the City of New York, County of Richmond. The plaintiff appeals from so much of the order as granted those branches of the defendant’s motion which were to dismiss the second through tenth causes of action.
The Supreme Court properly granted those branches of the *849 defendant’s motion which were pursuant to CPLR 3211 (a) (7) to dismiss the second through tenth causes of action, which alleged business fraud, breach of fiduciary duty, conversion, unjust enrichment, deceptive business practices, breach of the implied covenant of good faith and fair dealing, negligence, and intentional and negligent infliction of emotional distress, respectively. Those causes of action were all based on the same facts as the cause of action to recover damages for breach of contract, and failed to allege distinct, cognizable causes of action (see Betz v Blatt, 116 AD3d 813, 813 [2014]; Palmieri v Biggiani, 108 AD3d 604, 609 [2013]; Woss, LLC v 218 Eckford, LLC, 102 AD3d 860, 862 [2013]). In any event, with respect to the second cause of action, which alleged business fraud, and the third cause of action, which alleged breach of fiduciary duty, they were not pleaded with the particularity required by CPLR 3016 (b) (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 178 [2011]; Deblinger v Sani-Pine Prods. Co., Inc., 107 AD3d 659, 660 [2013]).
Accordingly, the Supreme Court properly granted those branches of the defendant’s motion which were pursuant to CPLR 3211 (a) to dismiss the second through tenth causes of action.
Skelos, J.P, Dillon, Roman and Maltese, JJ., concur.