■ Indira Gumarova, Appellant, v Law Offices of Paul A. Boronow, P.C., et al., Respondents. [12 NYS3d 187]—

In an action, inter alia, to recover damages for a violation of Judiciary Law § 487, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), dated March 19, 2014, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging a violation of Judiciary Law § 487.

Ordered that the order is affirmed insofar as appealed from, with costs.

On a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint for failure to state a cause of action, the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]).

Judiciary Law § 487 provides that an attorney who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party" is guilty of a misdemeanor, and "forfeits to the party injured treble damages, to be recovered in a civil action." "Since Judiciary Law § 487 authorizes an award of damages only to 'the party injured,' an injury to the plaintiff resulting from the alleged deceitful conduct of the defendant attorney is an essential element of a cause of action based on a violation of that statute" (*Rozen v Russ & Russ, P.C.*, 76 AD3d 965, 968 [2010]).

Here, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a)

(7) to dismiss the cause of action alleging a violation of Judiciary Law § 487. The cause of action alleging a violation of Judiciary Law § 487 fails to sufficiently allege that the plaintiff suffered an injury proximately caused by any alleged deceit or collusion on the part of the defendants, and no such injury can reasonably be inferred from the allegations in the complaint (*see Bohn v 176 W. 87th St. Owners Corp.*, 106 AD3d 598, 600 [2013]; *Rozen v Russ & Russ, P.C.*, 76 AD3d at 968). Chambers, J.P., Hall, Cohen and Miller, JJ., concur.