Betz v Blatt (2018 NY Slip Op 02445)





Betz v Blatt


2018 NY Slip Op 02445


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2016-08436
 (Index No. 58938/11)

[*1]Debra Betz, etc., respondent, 
v
Arnold W. Blatt, defendant, Anthony J. Pieragostini, et al., appellants.


Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Thomas Leghorn, Patrick J. Lawless, and A. Ernest Tonorezos of counsel), for appellant Anthony J. Pieragostini.
Kaufman Dolowich & Voluck, LLP, New York, NY (Anthony Proscia of counsel), for appellants George A. Sirignano, Jr., and Enea, Scanlan & Sirignano, LLP.
Bashian & Farber, LLP, White Plains, NY (Andrew Frisenda of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the defendant Anthony J. Pieragostini appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated July 27, 2016, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him, and the defendants George A. Sirignano, Jr., and Enea, Scanlan & Sirignano, LLP, separately appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants George A. Sirignano, Jr., and Enea, Scanlon & Sirignano, LLP, which was for summary judgment dismissing the cause of action alleging aiding and abetting fraud insofar as asserted against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendant Anthony J. Pieragostini.
The factual history of this case is set forth in a prior decision and order of this Court (see Betz v Blatt, 116 AD3d 813) and in the companion appeal (see Betz v Blatt, _____ AD3d _____ [Docket No. 2014-11352, decided herewith]). Insofar as is relevant to this appeal, the plaintiff, Debra Betz, in her capacity as substitute executor of her father's estate, commenced this action to recover damages against attorneys who represented the estate and/or a former executor of the decedent's estate who was removed for cause. The plaintiff set forth causes of action alleging that the defendant Anthony J. Pieragostini committed legal malpractice and violated Judiciary Law § 487, and that the defendants George A. Sirignano, Jr., and Enea, Scanlan & Sirignano, LLP (hereinafter together the Sirignano defendants), aided and abetted fraud and violated Judiciary Law § 487. The [*2]plaintiff seeks disgorgement and restitution.
Pieragostini and the Sirignano defendants separately moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, inter alia, denied both motions. Pieragostini and the Sirignano defendants separately appeal.
"In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442, quoting McCoy v Feinman, 99 NY2d 295, 301-302). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 442; see Burbige v Siben & Ferber, 152 AD3d 641, 642). Conclusory allegations of damages or injuries predicated on speculation will not be sufficient (see Gall v Colon-Sylvain, 151 AD3d 698, 700; Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 848). "[A]bsent fraud, collusion, malicious acts or other special circumstances, an attorney is not liable to third parties, not in privity, for harm caused by professional negligence" (Betz v Blatt, 116 AD3d at 815 [internal quotation marks omitted]; see DeMartino v Golden, 150 AD3d 1200, 1201).
A defendant can establish its prima facie entitlement to judgment as a matter of law dismissing a cause of action alleging legal malpractice by presenting evidence in admissible form establishing that the plaintiff is unable to prove at least one element of the cause of action (see Burbige v Siben & Ferber, 152 AD3d at 642; Scartozzi v Potruch, 72 AD3d 787, 789-790). Here, the Supreme Court properly denied that branch of Pieragostini's motion which was for summary judgment dismissing the legal malpractice cause of action insofar as asserted against him, as he failed to establish his prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; see also Rehberger v Garguilo & Orzechowski, LLP, 118 AD3d 767, 769). The record contains documents created by Pieragostini which indicate that he represented the estate and failed to verify the estate's financial status, as well as affirmatively ignored or concealed misdeeds, when he prepared the accounting that was filed with the Surrogate's Court, and instead relied on information provided by the former executor and others. Indeed, on the appeal in the underlying action, this Court found that the legitimacy of the plaintiff's objections was apparent from a plain reading of the accounting (see Matter of Carbone, 101 AD3d 866, 869). Since Pieragostini failed to sustain his prima facie burden, we need not consider the adequacy of the plaintiff's submissions in opposition to that branch of his motion (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Judiciary Law § 487 imposes civil and criminal liability on any attorney who "(1) [i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party; or, (2) [w]ilfully delays his client's suit with a view to his own gain" (Judiciary Law § 487; see Gumarova v Law Offs. of Paul A. Boronow, P.C., 129 AD3d 911). A cause of action alleging a violation of Judiciary Law § 487 must be pleaded with specificity (see Betz v Blatt, 116 AD3d at 817; Putnam County Temple & Jewish Ctr., Inc. v Rhinebeck Sav. Bank, 87 AD3d 1118, 1120).
Judiciary Law § 487 "focuses on the attorney's intent to deceive, not the deceit's success" (Amalfitano v Rosenberg, 12 NY3d 8, 14). Accordingly, although injury to the plaintiff is an essential element of a Judiciary Law § 487 cause of action seeking civil damages (see Klein v Rieff, 135 AD3d 910, 913; Gumarova v Law Offs. of Paul A. Boronow, P.C., 129 AD3d at 911), "recovery of treble damages under Judiciary Law § 487 does not depend upon the court's belief in a material misrepresentation of fact in a complaint" (Amalfitano v Rosenberg, 12 NY3d at 15). A party's legal expenses in defending the lawsuit may be treated as the proximate result of the misrepresentation (see id.).
The Supreme Court properly denied that branch of Pieragostini's motion which was for summary judgment dismissing the cause of action alleging a violation of Judiciary Law § 487 [*3]insofar as asserted against him because he failed to establish his prima facie entitlement to judgment as a matter of law (see Mazel 315 W. 35th LLC v 315 W. 35th Assoc. LLC, 120 AD3d 1106, 1107). In his deposition testimony submitted in support of his motion for summary judgment, Pieragostini admitted that, in the underlying proceeding, he sought approval from the Surrogate's Court of an accounting and an addendum based on information provided by the former executor, as well as his accountant and former attorney, which he did not independently verify. Accordingly, Pieragostini did not eliminate triable issues of fact as to whether he acted with an intent to deceive the court or the plaintiff (see Judiciary Law § 487[1]; Mazel 315 W. 35 LLC v 315 W. 35th Assoc. LLC, 120 AD3d at 1107). Moreover, the plaintiff raised triable issues of fact by alleging that Pieragostini filed a blatantly deficient accounting which was inaccurate and incomplete, and that the addendum further delayed the administration of the estate, causing additional legal fees from the estate to Pieragostini, along with other financial injury to the plaintiff. Accordingly, the Supreme Court properly denied that branch of Pieragostini's motion which was for summary judgment dismissing the cause of action alleging a violation of Judiciary Law § 487 insofar as asserted against him.
The Sirignano defendants contend that there is no evidence to establish that they deceived the court or another party. Contrary to the Sirignano defendants' contention, the plaintiff raised a triable issue of fact as to the cause of action alleging a violation of Judiciary Law § 487 insofar as asserted against them by submitting evidence showing that the accounting prepared by Pieragostini had glaring deficiencies, which the Sirignano defendants continued to defend on behalf of the former executor to the financial detriment of the plaintiff. These facts are sufficient to defeat that branch of their motion which was for summary judgment dismissing the cause of action alleging that they violated Judiciary Law § 487 (see Rock City Sound, Inc. v Bashian & Farber, LLP, 74 AD3d 1168, 1172).
However, the Supreme Court erred in denying that branch of the Sirignano defendants' motion which was for summary judgment dismissing the cause of action alleging that they aided and abetted fraud. The elements of a cause of action to recover damages for aiding and abetting fraud are (1) the existence of an underlying fraud, (2) knowledge of the fraud by the aider and abettor, and (3) substantial assistance by the aider and abettor in the achievement of the fraud (see Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d 678, 679; Swartz v Swartz, 145 AD3d 818, 824). "Substantial assistance requires an affirmative act on the defendant's part" (Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d at 679 [internal quotation marks omitted]; see Smallberg v Raich Ende Malter & Co., LLP, 140 AD3d 942, 944). Mere inaction by an alleged aider or abettor constitutes substantial assistance only if the defendant owes a fiduciary duty directly to the plaintiff (see Smallberg v Raich Ende Malter & Co., LLP, 140 AD3d at 944).
The elements of an underlying fraud are (1) material representations that were false, (2) the actor knew the representations were false and made them with the intent to induce reliance by the plaintiff, (3) the plaintiff justifiably relied on the actor's misrepresentations, and (4) the plaintiff was injured as a result of the misrepresentations (see Lee Dodge, Inc. v Sovereign Bank, N.A., 148 AD3d 1007, 1008; Cash v Titan Fin. Servs., Inc., 58 AD3d 785, 788).
The Sirignano defendants established their prima facie entitlement to judgment as a matter of law dismissing this cause of action insofar as asserted against them by establishing that there are no triable issues of fact demonstrating that the plaintiff had justifiably relied on any alleged misrepresentation by the former executor or by the Sirignano defendants on behalf of the former executor while they were attorneys in the proceeding (see generally Fulton v Hankin & Mazel, PLLC, 132 AD3d 806, 808; Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 99). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324). Accordingly, the Supreme Court should have granted that branch of the Sirignano defendants' motion which was for summary judgment dismissing the cause of action alleging aiding and abetting fraud insofar as asserted against them.
"The elements of a cause of action to recover for unjust enrichment are (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered'" (Travelsavers Enters., [*4]Inc. v Analog Analytics, Inc., 149 AD3d 1003, 1006, quoting GFRE, Inc. v U.S. Bank, N.A., 130 AD3d 569, 570; see Wallace v BSD-M Realty, LLC, 142 AD3d 701, 704). " The essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered'" (Goel v Ramachandran, 111 AD3d 783, 791, quoting Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, 421). In determining whether this equitable remedy is warranted, a court should " look to see if a benefit has been conferred on the defendant under mistake of fact or law, if the benefit still remains with the defendant, if there has been otherwise a change of position by the defendant, and whether the defendant's conduct was tortious or fraudulent'" (Goel v Ramachandran, 111 AD3d at 791, quoting Paramount Film Distrib. Corp. v State of New York, 30 NY2d at 421; see Betz v Blatt, 116 AD3d at 816).
"[A]n attorney may recover fees from the estate only where the services rendered benefit the estate" (Betz v Blatt, 116 AD3d at 816; see Matter of Rodken, 2 AD3d 1008, 1009). Here, the Sirignano defendants failed to eliminate triable issues of fact as to whether their work benefitted the estate rather than the former executor personally, or that equity would favor permitting them to retain the fees they were paid by the estate (see Matter of Wallace, 68 AD3d 679, 681; Matter of Rodken, 2 AD3d at 1009; Matter of Baxter [Gaynor], 196 AD2d 186, 189-190). Accordingly, the Supreme Court properly denied that branch of the Sirignano defendants' motion which was for summary judgment dismissing the cause of action seeking restitution insofar as asserted against them.
The parties' remaining contentions are without merit.
LEVENTHAL, J.P., CHAMBERS, MALTESE and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court