Betz v Blatt (2018 NY Slip Op 02444)





Betz v Blatt


2018 NY Slip Op 02444


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2014-11352
 (Index No. 58938/11)

[*1]Debra Betz, etc., respondent, 
v
Arnold W. Blatt, et al., appellants.


David Isaacson, New City, NY, for appellant Arnold W. Blatt.
Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Anthony J. Proscia of counsel), for appellants George A. Sirignano, Jr., and Enea, Scanlan & Sirignano, LLP.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Patrick J. Lawless, Thomas Leghorn, and A. Ernest Tonorezos of counsel), for appellant Anthony J. Pieragostini.
Bashian & Farber, LLP, White Plains, NY (Andrew Frisenda of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, (1) the defendant Arnold W. Blatt appeals from so much of an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated December 4, 2014, as granted the plaintiff's motion for leave to renew her opposition to that branch of his motion which was pursuant to CPLR 3211(a) to dismiss the fifth cause of action, which had been granted in an order of the same court dated August 1, 2012, and, upon renewal, in effect, vacated that portion of the order dated August 1, 2012, and granted leave to the plaintiff to replead that cause of action, (2) the defendant Anthony J. Pieragostini separately appeals from so much of the order dated December 4, 2014, as granted the plaintiff's motion for leave to renew her opposition to that branch of his motion which was pursuant to CPLR 3211(a) to dismiss the tenth cause of action, which had been granted in the order dated August 1, 2012, and upon renewal, in effect, vacated that portion of the order dated August 1, 2012, and granted leave to the plaintiff to replead that cause of action, and (3) the defendants George A. Sirignano, Jr., and Enea, Scanlan & Sirignano, LLP, separately appeal from so much of the order dated December 4, 2014, as (a) granted the plaintiff's motion for leave to renew her opposition to that branch of their motion which was pursuant to CPLR 3211(a) to dismiss the thirteenth and fifteenth causes of action, which had been granted in the order dated August 1, 2012, and, upon renewal, in effect, vacated that portion of the order dated August 1, 2012, and granted leave to the plaintiff to replead those causes of action, and (b) denied their cross motion for an award of costs and sanctions.
ORDERED that the order dated December 4, 2014, is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendants appearing separately and filing [*2]separate briefs.
The plaintiff commenced this action against the defendants George A. Sirignano, Jr., Enea, Scanlan & Sirignano, LLP (hereinafter together the Sirignano defendants), Arnold W. Blatt, and Anthony J. Pieragostini, seeking to recover damages for legal malpractice, fraud, and other torts arising out of work they each performed relating to the administration of the estate of Carmelo Carbone (hereinafter the decedent) by the decedent's brother Michaelangelo Carbone (hereinafter Carbone). The defendants represented Carbone and/or the estate in contested probate proceedings in Surrogate's Court, including an accounting which was contested that was submitted by Carbone in those probate proceedings. In his will, the decedent left the bulk of his estate to his daughters, the plaintiff and Cristina Carbone-Lopez (see Betz v Blatt, 116 AD3d 813, 814), and named his brother as executor (see id. at 814). After the contested probate proceedings, including the contested accounting, Carbone's letters testamentary were suspended, he was surcharged in excess of $1,025,000 for his looting and mismanagement of the estate (see id. at 814), the court found him in contempt, and he fled the jurisdiction. On prior appeals from orders of the Surrogate's Court, this Court upheld these sanctions (see id; Matter of Carbone, 101 AD3d 866, 869). The plaintiff was substituted as executor (see Betz v Blatt, 116 AD3d at 814).
In her capacity as executor, the plaintiff commenced this action, alleging, inter alia, legal malpractice by the defendants. Pieragostini and the Sirignano defendants separately moved pursuant to CPLR 3211(a) to dismiss the causes of action asserted against them. Blatt moved for summary judgment dismissing the causes of action asserted against him, but the Supreme Court deemed his motion to be a motion pursuant to CPLR 3211(a) (see id.). In an order dated August 1, 2012 (hereinafter the August 2012 order), the court granted those branches of the respective motions of Pieragostini, the Sirignano defendants, and Blatt which were to dismiss the causes of action alleging breach of fiduciary duty, fraud, and violation of Judiciary Law § 487, and the causes of action seeking disgorgement and restitution insofar as asserted against each of them, but denied those branches of their motions which were to dismiss the legal malpractice causes of action (see id. at 814-815). On the plaintiff's appeal and the Sirignano defendants' cross appeal from the August 2012 order, this Court modified the August 2012 order by granting that branch of the Sirignano defendants' motion which was to dismiss the eleventh cause of action, alleging legal malpractice against them, and denying that branch of their motion which was to dismiss the fourteenth cause of action, seeking disgorgement and restitution against them (see id. at 815-816). Insofar as is relevant to this appeal, this Court also affirmed the Supreme Court's granting of those branches of the defendants' respective motions which were to dismiss the fraud and Judiciary Law causes of action on the grounds that they were duplicative and were not pleaded with the required degree of particularity (see id. at 816-817).
Subsequently, the plaintiff moved for leave to renew her opposition to the defendants' motions to dismiss and to serve a second amended complaint. The plaintiff contended that the depositions of Blatt and Pieragostini, which had taken place after the August 2012 order had been issued, yielded sufficient additional evidence to permit her to plead her causes of action with greater particularity. The Sirignano defendants cross-moved for sanctions, seeking, inter alia, costs and a declaration that the plaintiff is a vexatious litigator. In an order dated December 4, 2014 (hereinafter the December 2014 order), the Supreme Court granted the plaintiff's motion for leave to renew and, upon renewal, in effect, vacated those portions of the August 2012 order which granted that branch of Blatt's motion which was to dismiss the fifth cause of action, alleging violation of Judiciary Law § 487 against him, that branch of Pieragostini's motion which was to dismiss the tenth cause of action, alleging violation of Judiciary Law § 487 against him, and those branches of the Sirignano defendants' motion which were to dismiss the thirteenth and fifteenth causes of action, alleging aiding and abetting fraud and violation of Judiciary Law § 487, respectively, against them, and granted leave to the plaintiff to replead those causes of action. The Supreme Court also denied the Sirignano defendants' cross motion for an award of costs and sanctions. Blatt, Pieragostini, and the Sirignano defendants separately appeal from so much of the December 2014 order as permitted the plaintiff to replead those causes of action insofar as asserted against each of them. The Sirignano defendants also appeal from the denial of their cross motion for sanctions. We affirm the December 2014 order insofar as appealed from.
A motion for leave to renew "must be (1) based upon new facts not offered on the prior motion that would change the prior determination, and (2) set forth a reasonable justification for the failure to present such facts on the prior motion" (Matter of Nelson v Allstate Ins. Co., 73 AD3d 929, 929; see Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 585-586; Jovanovic v Jovanovic, 96 AD3d 1019, 1020; Simpson v Tommy Hilfiger U.S.A., Inc., 48 AD3d 389, 391). The new or additional facts presented "either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion" (Deutsche Bank Trust Co. v Ghaness, 100 AD3d at 586; see Rowe v NYCPD, 85 AD3d 1001, 1003; Gonzalez v Vigo Constr. Corp., 69 AD3d 565, 566; Renna v Gullo, 19 AD3d 472, 473; Mollin v County of Nassau, 2 AD3d 600, 601). A party seeking leave to renew after an appellate determination "bears a heavy burden of showing due diligence in presenting the new evidence to the Supreme Court in order to imbue the appellate decision with a degree of certainty" (Estate of Castellone v JP Morgan Chase Bank, N.A., 129 AD3d 771, 772 [internal quotation marks omitted]; see Matter of Crane, 127 AD3d 747, 748; Davi v Occhino, 116 AD3d 651, 652).
Here, the depositions conducted subsequent to the Supreme Court's August 2012 order yielded substantial additional evidence which permitted the plaintiff to state the causes of action alleging violation of Judiciary Law § 487 against the defendants in greater detail and to refine the cause of action alleging aiding and abetting fraud against the Sirignano defendants, which provided a strong basis upon which to change the court's prior determination of the defendants' respective motions. Contrary to the defendants' contentions, the record demonstrates that the plaintiff acted with due diligence in moving for leave to renew. In addition, the relief granted by the Supreme Court is not contrary to this Court's prior decision and order dated April 16, 2014 (see Betz v Blatt, 116 AD3d 813), since the Supreme Court permitted the plaintiff to replead to remedy the defects identified by this Court as the basis for dismissal. Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff leave to renew.
"In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Markowits v Friedman, 144 AD3d 993, 995; see CPLR 3025[b]; Davis v South Nassau Communities Hosp., 26 NY3d 563, 580; Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d 678, 679; Smallberg v Raich Ende Malter & Co., LLP, 140 AD3d 942, 943; Hothan v Mercy Med. Ctr., 105 AD3d 905, 906; Blue Diamond Fuel Oil Corp. v Lev Mgt. Corp., 103 AD3d 675, 676). "Prejudice is more than the mere exposure of the [party] to greater liability. Rather, there must be some indication that the [party] has been hindered in the preparation of [the party's] case or has been prevented from taking some measure in support of [its] position. The burden of establishing prejudice is on the party opposing the amendment" (Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [internal quotation marks and citations omitted]; see Gomez v Buena Vida Corp., 152 AD3d 497, 498; Redd v Village of Freeport, 150 AD3d 780, 781; Garafola v Wing Inc. Specialty Trades, 139 AD3d 793, 794; see also Wells Fargo Bank, N.A. v Morgan, 139 AD3d 1046, 1048). " Whether to grant [leave to amend] is within the motion court's discretion, the exercise of which will not be lightly disturbed'" (APF Mgt. Co., LLC v Munn, 151 AD3d 668, 670, quoting Pergament v Roach, 41 AD3d 569, 572; see Davis v South Nassau Communities Hosp., 26 NY3d at 580; Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d at 679; Markowits v Friedman, 144 AD3d at 995).
Here, there was no surprise, since each of the new causes of action had been asserted in the plaintiff's prior complaint (see Rocha v GRT Constr. of N.Y., 145 AD3d 926, 928-929; DaSilva v C & E Ventures, Inc., 83 AD3d 551, 552). Similarly, none of the defendants demonstrated prejudice. In addition, the causes of action, as proposed, are not palpably insufficient (see Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d at 679-680).
"To recover for aiding and abetting fraud, the plaintiff must plead the existence of an underlying fraud, knowledge of the fraud by the aider and abettor, and substantial assistance by the aider and abettor in the achievement of the fraud" (Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d at 679; see Swartz v Swartz, 145 AD3d 818, 824; Weinstein v CohnReznick, LLP, 144 AD3d 1140, 1141; Markowits v Friedman, 144 AD3d at 996). " Substantial assistance' requires an [*3]affirmative act on the defendant's part" (Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d at 679, quoting Baron v Galasso, 83 AD3d 626, 629; see Markowits v Friedman, 144 AD3d at 996). "[T]he mere inaction of an alleged aider or abettor constitutes substantial assistance only if the defendant owes a fiduciary duty directly to the plaintiff" (Markowits v Friedman, 144 AD3d at 996 [internal quotation marks omitted]).
The portions of the proposed second amended complaint that alleged, among other things, that the Sirignano defendants knew of Carbone's fraudulent and wrongful acts and assisted him in concealing those acts from the beneficiaries. The allegations detailed specific false claims that the Sirignano defendants made or defended on Carbone's behalf, which are adequate to support the plaintiff's cause of action alleging aiding and abetting fraud. Thus, the Supreme Court properly granted the plaintiff leave to replead that cause of action against the Sirignano defendants.
Judiciary Law § 487 imposes civil and criminal liability on any attorney who "(1) [i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party; or, (2) [w]ilfully delays his client's suit with a view to his own gain" (Judiciary Law § 487; see Gumarova v Law Offs. of Paul A. Boronow, P.C., 129 AD3d 911, 911; Rozen v Russ & Russ, P.C., 76 AD3d 965, 968). A plaintiff may state a Judiciary Law § 487 cause of action by relying upon a defendant's intentional deceit during the course of an underlying action (see Specialized Indus. Servs. Corp. v Carter, 68 AD3d 750, 751). A cause of action alleging a violation of Judiciary Law § 487 must be pleaded with specificity (see Betz v Blatt, 116 AD3d at 817; Putnam County Temple & Jewish Ctr., Inc. v Rhinebeck Sav. Bank, 87 AD3d 1118, 1120; Briarpatch Ltd., L.P. v Frankfurt Garbus Klein & Selz, P.C., 13 AD3d 296, 297) and is "focuse[d] on the attorney's intent to deceive, not the deceit's success" (Amalfitano v Rosenberg, 12 NY3d 8, 14). Accordingly, although injury to the plaintiff is an essential element of a Judiciary Law § 487 cause of action (see Gumarova v Law Offs. of Paul A. Boronow, P.C., 129 AD3d at 911; Rozen v Russ & Russ, P.C., 76 AD3d at 968), "recovery of treble damages under Judiciary Law § 487 does not depend upon the court's belief in a material misrepresentation of fact in a complaint" (Amalfitano v Rosenberg, 12 NY3d at 15). Rather, because defending the action is a result of the misrepresentation, a party's legal expenses in defending the lawsuit may be treated as the proximate result of the misrepresentation (see Amalfitano v Rosenberg, 12 NY3d at 15).
Here, the plaintiff adequately pleaded facts in its proposed second amended complaint, supported by the record, which, if proved, would demonstrate that Blatt both acted with intent to deceive the court or other parties and wilfully delayed the proceedings with a view toward his own gain (see Coccia v Liotti, 70 AD3d 747, 754-755), to the financial harm of the plaintiff. Since the proposed second amended complaint set forth these allegations with the required degree of specificity (see Armstrong v Blank Rome LLP, 126 AD3d 427, 427), the Supreme Court providently exercised its discretion in permitting the plaintiff to replead that cause of action.
As this Court found that the legitimacy of the plaintiff's objections to the accounting filed by Pieragostini on Carbone's behalf was apparent from a plain reading of the account (see Matter of Carbone, 101 AD3d at 869), the plaintiff also has pleaded facts sufficient to demonstrate, if proven, that Pieragostini affirmatively ignored or concealed Carbone's misdeeds or the inaccuracies in the information Carbone provided. The plaintiff's proposed second amended complaint adequately detailed alleged failings by Pieragostini in not investigating the estate's affairs in the course of preparing the accounting, and an outright attempt to deceive by Pieragostini's filing of a deficient accounting and an addendum, which further delayed the administration of the estate, causing additional legal fees to be incurred by the plaintiff, along with other financial injury. Accordingly, the Supreme Court providently exercised its discretion in permitting the plaintiff to replead a Judiciary Law § 487 cause of action against Pieragostini.
The plaintiff also sufficiently alleged that the Sirignano defendants "consent[ed] to . . . deceit or collusion" (Judiciary Law § 487[1]) in that they were aware of the falsity of the information Carbone had provided to the court but continued to misrepresent the estate's financial status and advocate for the allegedly fraudulent accounting filed by Pieragostini. In addition, the proposed second amended complaint alleged that the Sirignano defendants purposely delayed the [*4]litigation for their own benefit and for Carbone's benefit to the financial detriment of the plaintiff, an allegation which, if proven, satisfies Judiciary Law § 487(2). Thus, the Supreme Court correctly determined that there were sufficient allegations to support this cause of action against the Sirignano defendants.
In light of our determination that the Supreme Court properly permitted the plaintiff to replead the causes of action alleging aiding and abetting fraud and violation of Judiciary Law § 487 against the Sirignano defendants, the contention of those defendants that the plaintiff's motion was frivolous and sanctionable is without merit (see 22 NYCRR 130-1.1[c][1]; Finkelman v SBRE, LLC, 71 AD3d 1081, 1081-1082).
The defendants' remaining contentions are without merit.
LEVENTHAL, J.P., CHAMBERS, MALTESE and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court