US Suite LLC v Baratta, Baratta & Aidala LLP (2019 NY Slip Op 02837)





US Suite LLC v Baratta, Baratta & Aidala LLP


2019 NY Slip Op 02837


Decided on April 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 16, 2019

Renwick, J.P., Gische, Kapnick, Kern, Moulton, JJ.


9007 152576/17

[*1]US Suite LLC, et al., Plaintiffs-Respondents,
v
Baratta, Baratta & Aidala LLP, et al., Defendants-Appellants.


Abrams Garfinkel Margolis Bergson, LLP, New York (Robert J. Bergson of counsel), for appellants.
Jaroslawicz & Jaros PLLC, New York (David Tolchin of counsel), for respondents.



Order, Supreme Court, New York County (Erika M. Edwards, J.), entered December 26, 2017, which denied defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously modified, on the law, to dismiss the third cause of action for violation of Judiciary Law § 487, and the fourth cause of action under the Debtor and Creditor Law, and otherwise affirmed, without costs.
"[A] court may consider affidavit facts as a supplement to the complaint to show the cause of action to be valid" (Ackerman v 305 E. 40th Owners Corp., 189 AD2d 665, 666 [1st Dept 1993]).
Plaintiffs' complaint here, as supplemented, sufficiently states a cause of action that defendants aided and abetted another person's removal of funds belonging to plaintiffs, hid the funds in their escrow account, and used those funds to pay the other person's personal and business expenses (see DDJ Mgt., LLC v Rhone Group L.L.C., 78 AD3d 442, 443 [1st Dept 2010]).
Plaintiffs have sufficiently pled a cause of action for an accounting (Matter of Schneider, 131 AD3d 175, 182 [2d Dept 2015], citing Matter of Vagionis, 217 AD2d 175, 177 [1st Dept 1995]; NY St Bar Assn Comm on Prof Ethics Op 532, *2 [1981]). Defendants' assertion that they have provided an accounting is of no avail, as the document provided is an unsworn, unverified spreadsheet prepared by an unidentified person, without explanation.
Plaintiff did not adequately plead a claim under the Debtor and Creditor Law. The claim pursuant to the Judiciary Law § 487 must also be dismissed, as the alleged deceit did not occur during a pending judicial proceeding (see Jacobs v Kay, 50 AD3d 526, 527 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 16, 2019
CLERK