■ In the Matter of PROSPECT HEIGHTS HOUSING DEVELOPMENT FUND CORPORATION et al., Respondents. DENISE CALDWELL TAYLOR et al., Nonparty Appellants. [833 NYS2d 132]—

In a proceeding pursuant to Not-For-Profit Corporation Law § 511 for permission to sell certain real property to Sela-Lincoln Realty Corporation, the nonparties Denise Caldwell Taylor and Linda Caldwell appeal, and the nonparty Attorney General of the State of New York separately appeals, from stated portions of an order of the Supreme Court, Kings County (Schmidt, J.), dated October 6, 2005, which, inter alia, in effect, denied, without a hearing, the motion of Prospect Heights Neighborhood Corporation, 345 Lincoln Place Tenants Association, and Denise Caldwell Taylor to vacate a prior order of the same court dated March 26, 2004, granting the petition and authorizing the sale.

Ordered that the order dated October 6, 2005, is modified, on the law and in the exercise of discretion, by deleting the provision thereof, in effect, denying, without a hearing, the motion to vacate the order dated March 26, 2004 granting the petition and authorizing the sale; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the appellants appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Kings County, for a hearing in accordance herewith, and thereafter, for a new determination on the motion.

By order dated March 26, 2004, the Supreme Court granted the petition of the not-for-profit corporation Prospect Heights Housing Development Fund Corporation for permission to sell the subject premises to Sela-Lincoln Realty Corporation, without objection from the Attorney General (*see* Not-For-Profit Corporation Law §§ 510, 511). By motion dated November 15, 2004, certain tenants who resided at the premises sought to vacate that order, inter alia, on the ground that the petition contained several material misrepresentations and omissions.

The underlying purpose of the Not-For-Profit Corporation Law is to protect the beneficiaries of a charitable organization from loss through unwise bargains and from perversion of the use of its property (*see Rose Ocko Found. v Lebovits*, 259 AD2d 685, 688 [1999]). Under the particular facts of this case, we remit the matter to the Supreme Court for a hearing to determine whether the sale of the subject premises was lawfully accomplished and, if not, whether the order dated March 26, 2004 granting the petition and authorizing the sale should be vacated (*see Matter of Noble Drew Ali Plaza Hous. Corp.*, 24 AD3d 678 [2005]).

In light of our determination, we decline to address the parties' remaining contentions. Crane, J.P., Florio, Fisher and Dickerson, JJ., concur.